A. B. CHAPEK AND FRANK HAKEL v. OAK CREEK VALLEY BANK, *a Corporation.*

(Filed September 4, 1907.)

(91 Pac. 1129.)

1. PARTNERSHIP—Rights and Liabilities as to Third Persons—Nature of Partner's Authority. Under the provision of section 3879, Wilson's Rev. & Ann. Stat. 1903, a partnership obligation executed by one partner without the knowledge or consent of the other binds the firm and each general partner, if the obligation so executed is within the reasonable conduct of the partnership business.

2. SAME—Renewal Note—Execution for Firm. The execution and delivery of a promissory note as a renewal of a firm obligation already outstanding and due upon which liability is admitted. is a transaction within the scope of the business of the partnership.

(Syllabus by the Court.)

*Error from the Probate Court of Garfield County; before M. C. Garber, Probate Judge.*

Affirmed.

*Denton & Denton,* for plaintiffs in error.

*McKeever & Walker,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was brought and tried in the probate court of Garfield county, to recover from A. B. Chapek and Frank Hakel, partners as Chapek & Hakel, upon a promissory note endorsed by said partnership and delivered to the plaintiff as a renewal of a former note of the same parties, which had been endorsed and transferred to the plaintiff. From the record it appears that Chapek & Hakel were partners engaged in the mercantile business in the state of Nebraska, and that in December, 1902, such firm was the owner and payee named in a note of $425 executed by F. T. Stoner and W. B. Van Sandt & Co., which note

was not paid at maturity.  Upon the execution and delivery of said note, it was sold to the plaintiff bank, and, not being paid at maturity, was renewed by the makers by their executing a new note to Chapek & Hakel, who in turn endorsed the same to the bank and thereby took up the original note.  Afterwards Mr. Chapek removed to Oklahoma, and, while he was in Oklahoma, said note again became due, and was again renewed.  Mr. Hakel of the firm then in charge of their Nebraska business, without consulting his partner, Chapek, endorsed and negotiated this renewal in the same manner as had theretofore been done.

No question is raised with reference to the liability of Chapek & Hakel upon the note renewed and. extended by the execution of the note in question, or that, by reason of the execution and delivery of the present note, the former · note upon which they were admittedly liable was cancelled and delivered up.  The sole question presented by this record being a question of the liability of Chapek & Hakel as endorsers and guarantors of the renewal note sued on, such endorsement having been made by Hakel without the knowledge and consent of his partner, Chapek.  The amount of the judgment is not questioned, nor the fact of the execution and delivery of the instrument; the only question being the right of Hakel as a partner to so execute and deliver the same as a firm obligation.  The statute of Oklahoma (sec. 3879 Wil-. son's Rev. & Ann. St. 1903) provides:

"Every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner, and for this purpose may bind his co-partners by an agreement in writing."

As the partnership is admitted, with Chapek & Hakel as general partners, the liability of the firm and each member thereof is governed by the above quoted statute, which provides that each partner has authority to do whatever is necessary to carry on the business, and for such purpose may bind his co-partners by an

agreement in writing. The commercial world deals with a partnership in the light of its rights and liabilities as fixed and governed by the law, and under the law, as above stated, each partner has full power to act with reference to partnership affairs. No private agreement between the partners can affect third persons acting without knowledge of it, and, when Hakel endorsed the firm name to the instrument sued on in this case, the firm was thereafter liable by force of such endorsement if it was so done in the reasonable conduct of the firm's business.

Now, what were the facts? The record makes it clear that at the time Hakel endorsed the note in question with the firm name the firm was already indebted as endorsers upon another note which was then due and unpaid for the same indebtedness. By the endorsement and delivery of this note the former note was cancelled without other payment. The act was, therefore, the transaction of partnership business clearly within the provisions of the above statute, which governs in this case, in the absence of proof of a different law governing in the state of Nebraska. It would be clearly inequitable and unjust to hold that the partnership or that either of the partners might escape this liability after having, by the execution and delivery of it, cancelled an obligation upon which they were admittedly liable, and we think that no rule of law or any statute can be invoked to excuse them from such liability.

The plaintiff in error complains of the rule of the court in excluding the testimony of Chapek touching an agreement between him and Hakel to the effect that Hakel had no authority to sign the firm name. Such an agreement could in no wise bind third persons in dealing with the partnership business, where neither fraud nor collusion is alleged or attempted to be shown, and, as neither fraud nor collusion was shown or proposed to be shown, any private understanding between the partners was wholly immaterial.

Exceptions were taken upon the trial of the case by the plain-

tiff in error to the instructions of the court. We have already seen that the plaintiff in error was liable upon the instrument sued on, and, in the absence of complaint as to the amount of the judgment, an erroneous instruction would not be sufficient to justify a reversal. We have examined the instructions, however, as well as those asked for by the plaintiff in error and refused, and are of the opinion that the rule of the court under the facts in the case was correct.

The judgment of the court below will be affirmed.

Garber, J., who tried the case while probate judge of Garfield county, not sitting; Irwin, J., absent; all the other Justices concurring.