## HART-PARR CO. v. THOMAS.

No. 8056—Opinion Filed March 12, 1918.

Rehearing Denied April 9, 1918.

Second Rehearing Denied Jan. 7, 1919.

(171 Pac. 867.)

**1. Pleading—General Demurrer—Misjoinder of Causes of Action.**

A general demurrer does not go to a misjoinder of causes of action, and in order to attack a misjoinder of causes of action, a demurrer for such misjoinder must be interposed.

**2. Appeal and Error—Review—Theory of Case Below.**

Where a petition is filed in an action for damages for breach of warranty in the sale of machinery, and there are also sufficient averments in the petition upon which to predicate rescission, and said petition is not demurred to on the ground of misjoinder of causes of action, and the court announces that the case will be tried upon the issue of rescission, and no objection is made thereto, and the case is tried upon such issue, on appeal to this court this court will not entertain a contention that said cause is tried without the issue joined.

**3. Same.**

Where a party tries his case upon one theory without objection, he will not be heard, on appeal, to urge a different theory of the case than the one on which it was tried.

(Syllabus by Collier, C.)

Error from District Court, Woods County; W. C. Crow, Judge.

Replevin by the Hart-Parr Company against A. N. Thomas. Judgment for defendant, motion for new trial overruled, and plaintiff brings error. Affirmed.

H. A. Noah (Chester I. Long and Austin M. Cowan, of counsel), for plaintiff in error.

L. T. Wilson and J. N. Tincher, for defendant in error.

Opinion by COLLIER, C. This is an action in replevin, brought by the plaintiff in error, hereinafter styled plaintiff, against the defendant in error, hereinafter styled defendant, based upon notes and mortgage given for the purchase of threshing machinery, purchased by the defendant from the plaintiff. The defendant answered and filed a cross-petition, praying for damages of $1,000 for the breach of a warranty in said machinery, and tendered in the pleadings delivery of all of the property sued for, except an engine, which was not purchased from the plaintiff, and upon which the mortgage was given in addition to said threshing machinery purchased from the plaintiff. The plaintiff demurrer to the answer and cross-action, upon the ground "that the same failed to state facts sufficient to constitute a defense or to sustain an action," which demurrer was overruled and exception saved. Thereupon plaintiff filed reply to said answer and cross-petition, denying the allegations thereof. Upon a statement by the court that the parties differed on the law as to what issue should be submitted in the cause, it was claimed by the defendant that he was entitled to rescind, and it was then announced by the court that that issue would be submitted, and to this announcement of the court plaintiff did not object. The court and counsel having consulted the cause proceeded, and was tried as one for rescission.

The evidence is exceedingly voluminous, and we do not deem is necessary to recite it in detail. The undisputed evidence is: That the machinery in question, except the engine which belonged to the defendant, was purchased from the plaintiff under a guaranty as to its efficiency; that the defendant paid freight thereon in the sum of $90; that shortly after commencing threshing operations, the defendant complained to the plaintiff of the failure of the machinery to meet the guaranty, and thereupon an agent of the plaintiff was sent out to endeavor to properly adjust and cause the machinery to meet the guaranty. It was also shown by uncontradicted evidence that the value of the engine included in the mortgage, which was not purchased from the plaintiff, but was owned by the defendant, was $1,000. The

execution of the notes and mortgage, the basis of this action, was admitted by the defendant, and that the notes given for said threshing machinery had not been paid. It was also in evidence, and undenied by the plaintiff, that all of said threshing machinery purchased from the plaintiff, and said engine, had been seized and disposed of by the plaintiff. The evidence was in conflict as to whether or not the machinery came up to the warranty, as to whether or not the action of the plaintiff through its agents was such as to waive a return of the machinery by the defendant to the plaintiff, and whether or not the plaintiff, prior to the commencement of this action, tendered a return of said property to the plaintiff. There were very many objections to the admission and exclusion of evidence, to which proper exceptions were saved.

The court, among other instructions, gave instruction No. 3, which was duly excepted to, and which reads:

"You are instructed that in order to entitle the defendant to a cancellation of the notes and mortgage sued upon, it was necessary for him to make a tender, that is, a return of the property, or an offer to so return said property to the plaintiff or its authorized agent, within a reasonable time after the discovery of the defects complained of, if there were such defects, and he did not do this, and therefore unless you find from a preponderance of the evidence that the actions and conduct of the plaintiff were such as to relieve the defendant of the necessity of making a return of said property; and in this connection you are instructed that if you find from a preponderance of the evidence that the defendant within the time stated in the warranty contract notified the plaintiff of alleged defects in said machinery, and that thereafter the plaintiff sent its agent to remedy the defects alleged to be in said machinery; and if you further find from a preponderance of the evidence that the said agent did not remedy the alleged defect, but represented and held out to the defendant that said machinery could be fixed, and directed him to wait for the company to fix the same; and if you further find from a preponderance of the evidence that the defendant relied upon said promise to cure said defect, if there were any, in said machinery, and for that reason did not return the machinery—then your verdict should be for the defendant, and you should fix the amount of his recovery at the reasonable market value of the traction engine at the time it was seized by the plaintiff, together with the amount of freight paid by the defendant, the amount of the freight not to exceed the sum of $90."

The plaintiff requested the giving of the following instructions:

"The court instructs the jury that the defendant can only recover under the terms of the warranty upon which the separator was bought if he has made a legal tender of the property back to the plaintiff by a preponderance thereof that he did make such tender before he had, by his acts, accepted the machine; that he cannot recover anything against the plaintiff, but your verdict must be for the plaintiff in the full amount of his claim.

"The court instructs the jury that the defendant had ten days in which to give notice of his dissatisfaction with the machine in question; and, unless you find by a preponderance of the evidence that he not only did give such notice, but also after the visit of the expert Newby gave new notice of his dissatisfaction, then you must find for the plaintiff.

"The court further instructs the jury that if you find from the evidence that the defendant, on the 13th day of July, 1915, notified the plaintiff that he had then, since commencing his run with the machine in question, threshed 20,000 bushels of wheat, and had contracted 2,000 acres additional, and expected to have a good run, the defendant cannot be heard to say thereafter that he had not accepted the machine in question, and your verdict should be for the plaintiff.

"The court instructs the jury that the defendant admits all the material allegations of the plaintiff's petition to be true, and thereby assumed the burden of proving by a preponderance of the evidence, not only that the machine in question worked badly or was defective, but also that he himself, and not some other person or persons was thereby injured and damaged."

The court refused to give said requested instructions, and the plaintiff severally excepted to such action of the court.

The jury returned a verdict in favor of the defendant in the sum of $1,090, to which plaintiff excepted. Plaintiff made timely motion for a new trial, which was overruled and judgment entered on the verdict, to which the plaintiff duly excepted, and to reverse said judgment prosecutes this appeal.

A general demurrer to the petition does not raise the question of misjoinder of causes of action, and the court did not err in overruling the general demurrer to the answer and cross-petition. In order to raise a question of misjoinder of actions a petition must be demurred to upon that special ground. Subsection 5, section 4740, Revised Laws.

We are of the opinion that the averments of the plaintiff are sufficient to sustain an action for damages, and also for an action

for rescission. It is a settled proposition of law that where a breach of warranty occurs in the sale of property, the purchaser has two remedies. He may retain the property purchased and bring action for damages, or he may bring an action for rescission, but he cannot prosecute the two inconsistent actions at once.

"Where a machine is sold accompanied by a warranty as to fitness, and the machine delivered, and part of the purchase price paid, on failure of the warranty the purchaser has two remedies at his election: He may keep the machine and recoup or recover in damages the difference between the price agreed to be paid and the actual value of the machine, together with a fair compensation for the loss incurred by an effort in good faith to use it for the purpose warranted; or he may promptly return the machine as soon as he discovers the defects, and recover the consideration paid, or offer to restore the same on condition that the seller shall return all received by him." D. M. Osborne & Co. v. Fritz Walther, 12 Okla. 20, 69 Pac. 953.

"The buyer may not pursue two inconsistent remedies. If he choose to exercise the special remedy by returning the article to the seller, he is then confined to a recovery of the purchase money paid, and cannot maintain an action to recover damages for a breach of the warranty." 30 Am. & Eng. Enc. Law (2nd Ed.) p. 197.

"The buyer of a machine may, on finding that it is not as warranted, rescind the sale and recover the price, or he may retain it and recover the damages sustained; but he may not pursue both remedies at the same time." Blake-Rutherford Farms Co. v. Holt Mfg. Co., 70 Wash. 192, 126 Pac. 418.

"The purchaser of a machine, on finding that it is not as warranted, may refuse to accept, rescind the sale, and recover what he has paid on the price, or retain the machine and set off against the price such damages as naturally result from the breach of warranty, though he may not pursue both remedies simultaneously." Houser & Haines Mfg. Co. v. McKay, 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925.

Had proper objection been made when it was announced by the court that the cause would be tried upon the issue of rescission, and proper pleading filed setting up an estoppel to have rescission after bringing an action for damages, we are of the opinion that the overruling of such objection and the trial of the cause upon the issue of rescission would have been prejudicial error, but, no objection having been made by plaintiff to a trial of the cause upon the issue of rescission, and the trial having been upon that issue, it comes too late upon appeal to raise objections as to the issue upon which the case was tried. Having tried the case upon one theory, the defendant is bound thereby, and cannot question the same on appeal. Border v. Carrabine, 24 Okla. 609, 104 Pac. 906; Wallace v. Killian, 40 Okla. 631, 140 Pac. 162; Brisley v. Mahaffey, 64 Okla. 319, 167 Pac. 984.

"A party is bound in the appellate court as to the nature and form of the action by the theory upon which it was tried in the court below." J. R. Watkins Med. Co. of Winona, Minn., v. Coombes, 66 Okla. 126, 166 Pac. 1072.

Two inconsistent causes of action are involved in one count, but, no objection having been made to the trial of the cause as one of rescission, this court will not review such pleading; action of the plaintiff having waived the same.

We have carefully examined the objections to the admission and exclusion of evidence, and are unable to say that the action of the court thereon was prejudicial error.

We have duly considered the instructions of the court to which exception was saved; and, while it may be that it is not quite as definite as it might have been upon the question of the breach of warranty, yet, when taken into consideration with the entire instructions of the court, we are unable to see that the giving of such instructions worked a miscarriage of justice.

We have carefully reviewed the requested instructions of the plaintiff which were refused by the court, and we think the court did not commit reversible error in refusing to give either one of said requested instructions.

Where there is evidence reasonably tending to support a verdict, though the evidence is in conflict, and the issues are submitted under proper instructions of the court, and the verdict of the jury is approved by the trial court, as in the instant case, this court will not disturb the verdict. Dill v. Malot, 66 Okla. 74, 167 Pac. 219; Bartlesville Zinc Co. v. James, 66 Okla. 24, 166 Pac. 1054; City of Eufaula v. Okla. Corrugated Steel and Iron Co., 65 Okla. 1, 166 Pac. 881.

This cause is affirmed.

By the Court: It is so ordered.