(2) 38 Cyc. p. 1477. (3) 4 C. J. p. 526, §2305. (4) 4 C. J. p. 842, §750; p. 872, §2847. (5) 4 C. J. p. 853, §2834; 22 C. J. p. 147, §82.

---

## HUNT v. DILLON.

No. 16898—Opinion Filed Oct. 26, 1926.

Rehearing Denied Feb. 15, 1927.

**Sales—Breach of Warranty of Title—Recovery of Payments Made to Seller.**

Where personal property is sold under a warranty of title, and the purchaser thereafter loses the same in a lawsuit with a third party, who claims to be the owner thereof, and where the warrantor or seller, who is a party to the lawsuit, fails and refuses to appear and defend his warranty, the purchaser is entitled to recover from the warrantor the consideration or any part thereof which has been paid.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by G. A. Dillon against L. O. Hunt. Judgment for plaintiff, and defendant appeals. Affirmed.

Harry G. Davis and Neff & Neff, for plaintiff in error.

Ed. K. Brook and Archibald Bonds, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Muskogee county by the defendant in error, as plaintiff, against plaintiff in error, as defendant, to recover certain sums of money theretofore paid to the defendant as a part of the purchase price of certain picture show equipment and furnishings, which were sold to the plaintiff by defendant under a warranty of title, and for damages and attorney's fee.

Plaintiff seeks to rescind the contract under which the equipment and furnishings were purchased, because of the failure of title to the property in the defendant, and pleaded a judgment in the district court of Muskogee county, wherein Martha Jones procured a permanent injunction against G. A. Dillon, Jr., restraining him from removing said fixtures and furnishings from the building which he then occupied. The defendant, L. O. Hunt, was a party to that suit and was requested to appear and defend his warranty of title, but failed and refused to defend, and the theory upon which the injunc-

tion. was granted seems to have been that Martha Jones, the plaintiff in that suit, was the owner of and entitled to the possession of the property in controversy, and upon the trial of this case, the judgment heretofore referred to was introduced in evidence.

The defendant filed his answer and cross-petition, generally denying all of the matters set up by the plaintiff, and sued for the balance due under the terms of the contract whereby the property was sold and conveyed to the plaintiff, Dillon, and also for damages and attorney's fee expended in the prosecution of his defense.

Upon the trial of the case to the court, without the intervention of a jury. judgment was rendered for the plaintiff and against the defendant. The court found that the defendant was indebted to the plaintiff in the sum of $1,050, and that the plaintiff was indebted to the defendant in the sum of $350, leaving a balance due plaintiff of $700, for which amount judgment was rendered. The appellant prosecutes this appeal, and sets forth various assignments of error. but the only question essential to the determination of this 'case is that of whether or not the appellant, Hunt, was the owner of the property conveyed to the defendant, Dillon. It appears from the record that Martha Jones was the owner of what is known as the Dreamland Theatre in the city of Muskogee, and that in 1922 she rented said theatre to one Ferney, who agreed as a part of the consideration for the rental of said theatre to place or install in said theatre certain picture show equipment and furnishings of the value of $2,534, and that he would furnish satisfactory evidence of his payment for all of said equipment, and that same should become the property of the lessor, Martha Jones, as a part consideration for the rentals for a period of two years. Sometime prior to the institution of this suit, the plaintiff in this. case, G. A. Dillon, Jr., having become dissatisfied with the picture show business at the location occupied by him, decided to remove the fixtures and equipment to some other point. and after he had detached the fixtures and equipment from the building preparatory to removing same. Martha Jones instituted injunction proceedings, which resulted in the judgment heretofore referred to, granting a permanent injunction in favor of Martha Jones aga'nst G. A. Dillon, Jr., and to which action the plaintiff in error was a party. This judgment was not appealed from and became final.

The appellee, Dillon, having lost possession of all his rights pertaining to the property in controversy, instituted this suit to recover the monies theretofore paid, damages, etc., against the appellant, Hunt. Under the term of the contract between Hunt and G. A. Dillon, Jr., the appellant, Hunt, sold and conveyed to the appellee, Dillon, for and in consideration of $2,250, "about a three-fourths interest" in and to said machinery, appliances, and electrical equipment. and agreed that he would protect the party of the second part in the quiet and peaceable possession and ownership thereof from and against the lawful claims of all persons whomsoever, and represented under the terms of the contract that he, Hunt, was the true and lawful owner of such interest.

There seems to be no serious conflict in the evidence as to the facts in this case, and appellant apparently relies on the theory that he is entitled to recover the purchase price of the equipment involved by reason of the fact that he was the original seller thereof, and claims to have retained title in the property for the purchase price thereof, and that he has a superior lien upon the property. but the facts in the case are not sufficient upon which to base such a theory. It does appear that the appellant, Hunt, originally furnished Ferney some, and possibly all, of the equipment involved, at least, he seems to have been instrumental in placing said equipment in the theatre building. but as he is now claiming to be the owner of the property, and exercises dominion and control by the sale of the property to the appellee, Dillon, having evidently retained some kind of interest in the. show with Ferney, he is not in a position to urge his rights at this time against appellee, Dillon, who purchased the property direct from the appellant, Hunt, under a warranty of title, and his title having failed by reason of the judgment obtained by Martha Jones against the appellee, Dillon, we think clearly estops the appellant from setting up any character of defense, and he is evidently liable under the terms of his warranty to the appellee, Dillon, at least for the monies which Dillon advanced or paid to him on the purchase price of this property.

The trial court in rendering judgment calls attention to the clause in the contract between Hunt and Dillon whereby title is warranted, and also calls attention to a provision in the contract between Martha Jones and Ferney whereby it was agreed that all furnishings and equipment of every nature and character installed by the party of the second part, referring to Ferney, who seems to have been the grantor of the appellee. Dillon, shall be the property

of Martha Jones. The court further finds that the appellant, Hunt, had knowledge of the provisions of this contract between Jones and Ferney, and was in some way interested with Ferney. and we find that there is ample evidence sustaining the conclusion reached by the trial court. We think it a well established rule of law in this jurisdiction that, where propery is sold under a warranty, the purchaser has two remedies at his election; he may keep the property and recover in damages the difference between the price agreed to be paid and the actual value of the property, or he may promptly return the property and recover the consideration paid. D. M. Osborne & Co. v. Walther, 12 Okla. 20, 69 Pac. 953; Hart-Parr Co. v. Thomas, 74 Okla. 104, 171 Pac. 867.

In the case of Frick v. Reynolds, 6 Okla. 638, 52 Pac. 391, this court in passing upon a case of kindred nature held:

"In the defense for failure of consideration for two promissory notes, which were given as part of the consideration for the sale of a horse which was falsely represented to be sound, and which died soon after the sale, the defense, if it prevails, goes to the whole of the notes, and does not require any proof of value to warrant the jury in determining that the horse was worthless."

In this case the appellee, Dillon, lost the property by reason of the suit instituted by Martha Jones, wherein the appellant, Hunt, failed and refused to defend his warranty, and having lost the property, the appellee, Dillon, was clearly entitled to rescind the contract, and—

"As a general rule when a buyer is entitled to rescind the contract and properly exercises this right, he may recover back whatever part of the price he may have paid." R. C. L. vol. 24, 65.

Under these authorities we think that the judgment of the trial court was correct, and that same should be and is hereby affirmed.

By the Court: It is so ordered.