## VOGEL v. TRADERS COMPRESS CO.

No. 17902.    Opinion Filed Feb. 14, 1928.

(Syllabus.)

1. **Pleading—Misjoinder of Causes of Action—Waiver of Objection by Failure to Specially Demur.**

A general demurrer to a petition does not raise the question of misjoinder of causes of action; and objection to a misjoinder of causes of action will be deemed waived in the absence of a special demurrer assigning that ground.

2. **Appeal and Error—Rejection of Evidence Made Harmless by Admissions.**

The rejection of competent evidence offered to disprove a particular fact becomes harmless error when the party offering the evidence admits the particular fact to be true.

3. **Partnership—Series of Transactions as Proof of Relation.**

Evidence of a series of transactions in the cotton brokerage business by and between two parties, in which both are financially interested, covering a period of several months, is competent for the purpose of establishing the relation of partners between the parties in such business.

4. **Same—Sufficiency of Evidence.**

Evidence examined, and held sufficient to support the verdict of the jury on the issue of the existence of a partnership.

5. **Same—Instructions Properly Refused.**

Requested instructions examined, and held, that the trial court did not err in refusing to give same.

6. **Same—Instructions Held Proper.**

Instructions examined, and held proper.

7. **Same—Note Signed by One Partner as Firm Obligation.**

A partnership may be bound on a note executed in the name of one partner

where it is shown that the business of the partnership was carried on in the name of that partner, and the signature was intended as a firm signature.

**8. Same—Execution of Renewal Note Within Scope of Partnership Business.**

The execution and delivery of a promissory note by one partner as a renewal of a firm obligation, already outstanding and due, is a transaction within the scope of the business of the partnership.

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Traders Compress Company, a corporation, against J. B. Vogel and M. A. Vogel, doing business under the firm name of J. B. Vogel, on a promissory note. Judgment for plaintiff, and defendant M. A. Vogel appeals. Affirmed.

Wilkinson & Hudson, for plaintiff in error.

A. C. Markley, for defendant in error.

JEFFREY, C. This was an action by the Traders Compress Company, a corporation, against J. B. Vogel, M. A. Vogel, and the firm of J. B. Vogel. The second amended petition alleges that on November 4, 1921, J. B. Vogel and M. A. Vogel, his wife, were engaged in the flour, feed, and cotton brokerage business at McAlester, Okla., under the firm names of J. B. Vogel, J. B. Vogel & Co., and Vogel Grain & Cotton Company. That on November 4, 1921, plaintiff, at the special instance and request of the defendants, doing business under the various firm names, furnished material and performed services in handling cotton for defendants at the value and contract price of $510.90, the greater part of which was for storage or demurrage. The petition further alleged that in consideration of and as further evidence of said indebtedness said defendants on November 6, 1921, executed and delivered to plaintiff their promissory note for that amount, due one year from date with interest at 8 per cent. from date and ten per cent. attorney's fee, and signed by the firm name "J. B. Vogel." Itemized statements of the material and services furnished were attached to the petition as exhibits and the promissory note was fully pleaded. The prayer of the petition asks for judgment against the defendants, J. B. Vogel and M. A. Vogel, doing business under the firm name of J. B. Vogel, for the sum of $510.90, with interest from November 6,

1921, at the rate of 8 per cent. per annum, and the further sum of $51.09 attorney's fee. The cause was tried to a jury, and two separate verdicts returned in favor of plaintiff and against each of the defendants for the amount of the note, interest, and attorney's fee. The defendant M. A. Vogel alone appeals.

Defendant's first assignment of error is that the court erred in overruling the defendant's demurrer to plaintiff's petition. The particular objection raised by defendant is that plaintiff sued on the open account and also the promissory note in the same cause of action. Even if this were true, defendant would not be in position to urge her objection in this court for the reason that her demurrer to this petition did not assign the objection that causes of action were improperly joined. A general demurrer does not go to a misjoinder of causes of action. Hart-Parr Co. v. Thomas, 74 Okla. 104, 171 Pac. 867. Misjoinder of causes of action in a petition will be deemed to have been waived in the absence of a special demurrer on that ground. Oates v. Freeman, 57 Okla. 449, 157 Pac. 74.

Defendant says that the petition is so vague, indefinite, and uncertain that it cannot be ascertained whether the suit was on account or on promissory note. Immediately after the second amended petition was filed defendant filed a motion to strike said petition and recited in said motion, "That the second amended petition filed herein is a suit on a promissory note." Defendant, also, by her demurrer to the second amended petition, recited that it was a suit on a note. So it appears that defendant herself was fully informed of the nature of the suit.

Defendant's second assignment of error is that the court erred in excluding from the jury a notice which was published in a local newspaper over the signature of M. A. Vogel. The notice is as follows:

"McAlester, Oklahoma, August 31, 1920. Notice is hereby given to the public that my husband, J. B. Vogel, is not connected in business with me and has no authority to act as my agent or to bind me by any contract and I will not be responsible for his debts or contracts. Dated this 31st day of August, 1920. (Signed) Minta A. Vogel."

Defendant testified that during 1920 her husband, J. B. Vogel, became addicted to the use of intoxicating liquor and became

so reckless in his business affairs that it became necessary for her to withdraw from any business association with him, of which she gave notice by the above publication. The notice was received in evidence, and later excluded from the jury by the court. Whether the publication notice was competent evidence or not is immaterial. If it be regarded as error in the first instance to exclude this evidence from the jury, it did not work an injury to defendant's rights and became harmless error by reason of the testimony of both defendant and her husband. Defendant testified on cross-examination that she and her husband bought some cotton together in the fall of 1921. She stated that sometimes she would go out and do the buying and sometimes he went out and did it, but that she always paid for it. J. B. Vogel, as a witness for defendant, testified on cross-examination that he and defendant bought cotton together in 1921, and handled cotton through plaintiff company; that invoices were always in the name of J. B. Vogel, and that many of them were paid with the check of M. A. Vogel. So it will be seen that the very thing sought to be disproved by the publication notice was admitted to be true at least in certain instances by defendant's evidence. The refusal to admit evidence does not constitute reversible error where such refusal does not prejudice or affect the substantial rights of the party complaining. Bartlesville Zinc Co. v. James, 66 Okla. 24, 166 Pac. 1054.

It is next urged that the court erred in admitting, over the objections of the defendant M. A. Vogel, the compress books showing the account of J. B. and M. A. Vogel during the fall of 1921. Plaintiff's theory was that M. A. Vogel and J. B. Vogel were partners in the business of buying and selling cotton; that the cotton thus bought was handled by plaintiff in some manner preparatory to resale at the request of the partners; and that the account carried on the books of plaintiff company was a partnership account which included the items represented by the note in question. Defendant denied the partnership relation, and denied her husband had authority to contract the indebtedness, or to execute the note so as to bind defendant. Plaintiff offered evidence from another source that defendant and her husband had transacted business, in which both were interested as partners, in the name of J. B. Vogel. The bookkeeper for

plaintiff company identified a book account consisting of almost 50 items carried in the name of J. B. and M. A. Vogel, the charges represented by the note in suit being a part of the charges in this account. The bookkeeper testified that all invoices for the handling of cotton and charged to this account were made and mailed to J. B. Vogel, and that practically all of these invoices were paid by check signed "M. A. Vogel," and only a few of the small invoices were paid by cash by J. B. Vogel. The account covered a period of several months prior and subsequent to the transactions in question, all of which, except the three charges which go to make up the amount of the note, were paid in some form or other. The only objection made to this evidence is that it could not bind the defendant, no authority having been shown for carrying the account in her name. When coupled with the testimony of the bookkeeper to the effect that the invoices were always made and mailed to J. B. Vogel and usually paid by M. A. Vogel, the book account was competent, tending to show a long course of dealings, in which both defendant and her husband were interested, handled in the same general way. Evidence of a series of transactions in the cotton brokerage business by and between two parties in which both are financially interested, covering a period of several months, is competent tending to establish the relation of partners between such parties. Parsons on Partnership (4th Ed.) 68, gives the rule as follows:

"So the existence of a partnership may be proved by the separate admission of all who are sued; or by the acts, declarations, and conduct of the parties; or by the act of one and the declarations or conduct of others."

The next assignment of error is that the court erred in admitting the deposition of the agent of the Anthony Salt Company. The record does not disclose that any objection was made to the deposition as a whole, but objections were made to certain questions. Defendant sets out several questions and answers in her brief, but the record shows that objections were sustained to several of the questions, and the answers principally relied upon were not read to the jury. We see no merit in this assignment.

The next proposition or group of assignments of error goes to the question of suf-

ficiency of the evidence to sustain the verdict of the jury. As heretofore stated, plaintiff's evidence discloses that it carried an account against J. B. Vogel and M. A. Vogel covering almost all of the year of 1921, and the early part of 1922; that numerous charges were made against this account for storing, handling, and conditioning cotton. That the invoices for these charges were made out in the name of J. B. Vogel, mailed to J. B. Vogel, and paid by J. B. Vogel with checks of M. A. Vogel. Defendant admits that she bought cotton in 1921, and that her cotton was handled through plaintiff company. She further stated that on various occasions she and her husband bought cotton together, and that they may have bought some cotton together in November, 1921, and when they bought cotton together they divided the profits. She further testified that she had not examined the three charges on plaintiff's books represented by the note in suit and could not say whether or not they were transactions in which she was interested. J. B. Vogel testified to a similar state of facts. He stated that, while defendant conducted a grain and feed store, she bought and sold cotton; that he stayed in the store the greater part of the time and frequently while his wife was absent he bought cotton for her. J. B. Vogel further testified that he did not carry a bank account during 1921; that when he bought cotton for himself and wife, the profits were first used to pay expenses and the balance was usually deposited in his wife's bank account. He testified that when he bought cotton and used the service of the compress company all invoices were made out in the name of J. B. Vogel, mailed to him, and paid with the check of M. A. Vogel. He further testified that nobody put up any cash with which he bought cotton except his wife; that he had not examined the account and investigated the items thereon to ascertain whether his wife was interested in the items in question. We think there is ample evidence of the relation of a partnership between M. A. Vogel and her husband as to these transactions to support the verdict of the jury, and that the verdict is not contrary to the law and the evidence.

Defendant next contends that the court erred in refusing to give her requested instructions Nos. 3, 4, 5, and 6. These instructions were refused by the court on the ground that they were covered in the general charge. Defendant insists that his requested instructions were not covered in the general charge, for the reason that the general charge did not clearly instruct the jury as to the burden of proof as to the partnership, did not clearly state the law as to what it took to constitute a partnership in the particular case on trial, and did not clearly instruct the jury as to the right and authority of J. B. Vogel to execute a note so as to bind the defendant. The general charge did instruct the jury as follows:

"The burden of proof is upon the plaintiff to establish each and every particular fact necessary to make out its cause of action by a preponderance of the evidence."

The court also properly instructed the jury as to what the particular issues in the case were. The jury was told that the defendant would not be liable unless she and her husband were partners in the particular transactions out of which the indebtedness arose, and that the items of the account represented by the note were for partnership transactions. The court did clearly and specifically instruct the jury as to what would constitute a partnership and further instructed the jury as follows:

"But you are instructed that even though the said J. B. Vogel and M. A. Vogel did have partnership deals with each other, that the said M. A. Vogel would not be liable for other deals carried on by J. B. Vogel in which said M. A. Vogel had no interest and did not share in the profits and loss of same."

As to the authority of J. B. Vogel to bind the defendant by the execution of the note, the court instructed the jury as follows:

"You are further instructed, however, that more than three years elapsed between the incurring of the alleged liabilities and the filing of this suit and that the statute of limitations has run against the liability of the said M. A. Vogel unless the said M. A. Vogel was bound by the promissory note executed by J. B. Vogel to the plaintiff on the 6th day of November, 1921, and you are instructed in this connection that if the indebtedness was the indebtedness of the alleged partnership, that the said J. B. Vogel had authority to execute the note in payment of such indebtedness, in which case said indebtedness would not be barred by the statute of limitations."

The sixth requested instruction sought to have the court instruct the jury that if the jury should find there was an actual

partnership existing between M. A. Vogel and J. B. Vogel, the note having been signed by said J. B. Vogel, the presumption is that it is an individual indebtedness and not a partnership indebtedness, and that the same was accepted as an individual indebtedness against J. B. Vogel and not against the partnership. In view of the evidence and the whole charge given the jury, we believe that the giving of such charge would have tended to confuse and mislead the jury as to the issues and the law of the case. The only issue really contested in the case was whether or not a partnership between defendant and her husband existed in November, 1921, and whether the services performed by plaintiff for which the note was given were for the benefit of the partnership. It is not denied, · but, on the contrary, it is admitted by J. B. Vogel, that the note was given as an evidence of the particular charges for handling and storing cotton and that all of the business with plaintiff was transacted in the name of J. B. Vogel. Under this state of facts there would be no justification in law or reason for an instruction which advised the jury that if it found that the indebtedness represented by the note was a partnership indebtedness, still the presumption would be that the note was an individual obligation and not a partnership obligation. The presumption above referred to does not arise where it is shown that the name of one of the partners was used as the firm name. After a careful examination of the requested instructions and the general charge, we are of the opinion that it was not error to refuse to instruct the jury as requested.

The next and last assignment of error is that the court erred in the giving of a number of instructions. Only instruction No. 6 is set out in the brief, and only one particular objection is raised to this instruction. The objection is that the court instructed the jury that if the indebtedness was a partnership debt, that J. B. Vogel had power and authority to execute the note sued on. As heretofore stated, the court presented to the jury the issues as to whether there was in fact a partnership, and whether the indebtedness represented by the note was incurred for the benefit of the partnership. The evidence discloses that many of the partnership transactions were had in the name of J. B. Vogel as a firm name. This being true, the note executed in the name of J. B. Vogel binds the partnership if the original indebtedness was a partnership debt, and the making of the note was within the scope of the business of the partnership. 20 R. C. L. 899, states the rule as follows:

"But a partnership may be made liable on a note executed in the name of a single partner where it is shown that the business of the partnership was carried on in the name of that partner, and that the signature of the note was intended as a partnership signature."

We think that it was the court's duty to instruct the jury, as a matter of law, that if it found that the indebtedness was a partnership debt, that J. B. Vogel had power and authority to execute the note sued on and thus bind the partnership. The execution and delivery of a promissory note as a renewal of a firm obligation already outstanding and due is a transaction within the scope of the business of a partnership. Chapek et al. v. Oak Creek Valley Bank, 19 Okla. 80, 91 Pac. 1129. We find no error in the court's instructions, and conclude that the defendant has had a fair trial, and that the judgment of the trial court should be affirmed.

BENNETT, TEEHEE, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 271, 731. (2) 4 C. J. p. 1013, §2996. (3) 30 Cyc. p. 589; 20 R. C. L. p. 1070. (4) 30 Cyc. p. 591. (5) 30 Cyc. p. 593. (6) 30 Cyc. p. 592. (7) 30 Cyc. p. 510; 20 R. C. L. p. 899. (8) 30 Cyc. p. 515.