JACOBSEN et al. v. HOWARD.

No. 20618.   Opinion Filed June 6, 1933.

Everest, Dudley & Brewer, for plaintiff in error Grover C. Jacobsen.

Billups & Billups, for plaintiff in error Ohio Casualty Insurance Company.

Twyford & Smith, for defendant in error.

ANDREWS, J. The defendant in error recovered a money judgment after a verdict of a jury of the district court of Oklahoma county for damages alleged to have been sustained by her while riding as a passenger in a bus owned and operated by the plaintiff in error Grover C. Jacobsen. The plaintiff in error the Ohio Casualty. Company was the maker of a liability insurance bond for the plaintiff in error Grover C. Jacobsen. The two plaintiffs in error were joined as defendants in the action and judgment was against each of them.

That a cause of action against a motor carrier. as defined in section 3692, O. S. 1931, may be instituted in any county through which or into which its lines of road pass; that such a motor carrier is a transportation company as defined in section 113, O. S. 1931; that a cause of action on contract may be joined in separate count with a cause of action in tort when both causes of action arise out of the same transaction and where all parties to the action are affected; that in an action against a motor carrier operating under the jurisdiction of the Corporation Commission based on alleged negligence of the motor carrier, it is not error to join an action against the maker of the liability insurance bond pursuant to section 3697. O. S. 1931, was held by this court in Temple et al. v. Dugger, Adm'x, 164 Okla. 84, 21 P. (2d) 482. We decline to depart from the holding in that case, and we apply those principles of law to the facts shown by the record in this case as the rules of law applicable thereto.

The plaintiffs in error cite many decisions of other courts in support of their contentions, and they criticize the defendant in error for citing authorities from only those states wherein the statutes authorize the joining of actions against such liability insurance bondsmen with actions against such motor carriers. Since a statute of Oklahoma, section 3697, supra, provides that the liability of the insurance bondsmen shall be " * * *

to make compensation for injuries to persons and loss of or damages to property resulting from the operation of such motor carrier," we think that the decisions construing such statutes are the only applicable decisions, and that the decisions from states in which there is no such statutory provision are in no wise controlling.

The plaintiffs in error complain because of an alleged misjoinder of causes of action. They say that even though the two defendants might be joined as such in one action, the cause of action against each of them must be stated in a separate count. We think that there is no merit in that contention. In making it they assume that there were two causes of action in favor of the plaintiff. The record shows that the plaintiff received but one injury. The motor carrier is liable to her for any damage which she sustained from her injury. That liability is imposed by the provisions of section 7, chapter 113, Session Laws 1923, section 3697, supra. While it might be liable under its contract with the plaintiff, or in tort for its negligence, it is liable by reason of the statute. An examination of the provisions of chapter 113, supra, discloses that it is unlawful for a motor carrier, as therein defined, to operate or furnish service within this state without first having obtained from the Corporation Commission a certificate declaring that public convenience and necessity require such operation. Section 4. It is further provided therein that no certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission a liability insurance bond in some company authorized to do business in this state, in such a penal sum as the Corporation Commission may deem necessary to adequately protect the interest of the public, which liability insurance bond shall bind the obligors thereunder to make compensation for injuries to persons resulting from the operation of such motor carrier. It will be noted that that liability insurance bond is to be filed by the motor carrier applicant. By the provisions of that section, not only the motor carrier but the liability insurance bondsmen are made liable. There is but one cause of action stated in the petition, that is, the injury to the person of the plaintiff and the failure of the motor carrier to make compensation to the plaintiff for those injuries. The fact that by reason of the amount of the penal sum fixed in the bond the liability of the insur-

ance bondsmen is less in amount than that of the motor carrier does not operate to create two causes of action in favor of the plaintiff. See Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185; White v. Kane (Wis.) 192 N. W. 57; Gugliemetti v. Graham (Cal. App.) 195 P. 64; Milliron v. Dittman (Cal.) 181 P. 779; Stusser v. Mutual Union Ins. Co. (Wash.) 221 P. 331; Devoto v. United Auto Transportation Co. (Wash.) 223 P. 1050; Finkelberg v. Continental Casualty Co. (Wash.) 219 P. 12, and many other decisions therein cited.

When a motor carrier files with the Corporation Commission a liability insurance bond as a prerequisite to the issuance to it of a certificate of convenience and necessity and thereby procures the issuance of such a certificate by the Corporation Commission, neither it nor its liability insurance bondsmen may successfully contend that its bond limits the liability imposed by the statute except as to amount. When it files its liability insurance bond with the Corporation Commission, the provisions of the statute are read into and become a part of that bond.

While the Corporation Commission is authorized by the statute to promulgate rules and regulations, it is not authorized by the statute to make any rule or regulation which conflicts with the provisions of the statute. The statute binds the liability insurance bond maker to make compensation for injuries to persons resulting from the operation of the bonded motor carrier. Such a liability insurance bond, is for the benefit of the motor carrier only in so far as it enables the motor carrier to procure a certificate of convenience and necessity for the operation of his business. Otherwise it is for the benefit of the person injured, and the person injured is entitled to recover the amount of his damage from the liability insurance bond maker, not exceeding the amount of the bond, and since that liability insurance bond is required to be filed with the Corporation Commission of the state by the motor carrier, the motor carrier is a party thereto as a matter of law. Under the statute the liability insurance bond maker is liable for the injuries resulting from the operation of the motor carrier. not by reason of its bond, but by reason of the statute, after it has filed its bond.

While this court frequently has held that it was error to refer to an insurance company, it has never held that it was error to refer to a liability insurance bondsman

that had filed a bond as required by the provisions of section 3697, supra.

The plaintiffs in error contend that the trial court erred in sustaining objections to their cross-examination of the plaintiff wherein she was asked if she was willing to submit to a physical examination by a committee of competent physicians. The record shows that an objection to the question was sustained and that immediately thereafter the plaintiff answered as follows: "I feel like I have been examined enough," at which time she was interrupted. The plaintiffs in error contend that the sustaining of the objection to the question created an impression in the minds of the jury that the question was improper; that they should have been permitted to ask the question, and that the plaintiff should have been required to answer the same. The plaintiff contends that the statement of the witness was, in effect, an answer and that the court was not asked to strike the answer; that the answer was, in effect, a refusal to submit to an examination, and that the refusal of the plaintiff to submit to an examination was commented on in the argument to the jury. We find no reversible error therein. Mullen v. Thaxton, 24 Okla. 643, 104 P. 359; Johnson v. Johnson, 72 Okla. 155, 179 P. 595; Maupin v. Binnion, 100 Okla. 32, 227 P. 390, and Vogel v. Traders Compress Co., 129 Okla. 200, 264 P. .147.

The plaintiffs in error contend that the court erred in instructing the jury as to the method of determining damages. They contend that there was no definite evidence that the plaintiff's injuries were permanent, and that by reason thereof the trial court erred in giving an instruction pertaining to permanent injuries. We find sufficient evidence of permanent injury to sustain the instruction.

The plaintiffs in error contend that there was error in instructing the jury that it might take into consideration "her life expectancy as shown by the American Experience Table of Mortality." That contention is settled by the application of the rule stated in City of Shawnee et al. v. Slankard, 29 Okla. 133, 116 P. 803, to the facts shown by the record.

The plaintiffs in error contend that the court erred in refusing to order a remittitur of excessive damages. Prior to the injury the plaintiff was an able-bodied school teacher earning a salary of $230 a month. Under the finding of the jury she was substantially and permanently injured. We can-

not find from the evidence that the verdict of the jury was excessive.

The plaintiffs in error contend that the court erred in instructing the jury as to the degree of care and diligence required of the plaintiff in error Jacobsen. They contend that the injury was caused by a defect in the bus which was not discernible by an ordinary, reasonable inspection; that the defect was latent, and that they used reasonable diligence in furnishing the bus, in inspecting the same, and in the operation thereof. The instruction complained of was in substantial conformity with the provisions of section 9261, O. S. 1931.

We find no reversible error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., and McNEILL, OSBORN BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL, J., absent.