Leo HILLER, doing business as Hiller's Aviation Service and Hartford Accident and Indemnity Company, a corporation, Plaintiffs in Error,

v.

B. C. RIST, Defendant in Error.

No. 39092.

Supreme Court of Oklahoma.

June 6, 1961.

Ogden & Ogden, Guymon, for plaintiffs in error.

King & Foster, Guymon, for defendant in error.

DAVISON, Justice.

This action was brought by B. C. Rist (plaintiff) against Leo Hiller, doing business as Hiller's Aviation Service (Hiller), and Hartford Accident and Indemnity Com-

pany (Hartford) to recover damages for injury to a field of alfalfa owned by plaintiff.

The action against Hiller is predicated on negligence in that Hiller on July 1, 1957, while spraying a field of wheat for hire with a chemical pesticide, performed the operation in such a manner that the chemical drifted or was blown on and over plaintiff's adjoining alfalfa field, thereby resulting in the alleged injury to the alfalfa. Recovery is sought against Hartford on the basis of a bond executed by Hartford on June 17, 1957, and furnished as a statutory prerequisite to the issuance by the state of a permit to Hiller to engage in such spraying business for hire. Both defendants made timely and continuous objections to the joinder of Hartford as a party defendant in the action.

The cause was tried to a jury and resulted in a verdict and judgment for plaintiff against both defendants. Hiller and Hartford have appealed to this court.

It is urged that the trial court erred in permitting the joinder of Hartford as a defendant in the action for compensatory damages and was prejudicial and requires a reversal of the judgment rendered against both defendants.

The section of the Oklahoma Agricultural Code in force and effect at the time of furnishing the bond and on the date of the damage to the alfalfa appears in Session Laws 1955, p. 16, Art. 3(E), Sec. 5 (2 O.S. Supp.1955 § 3–85). The section provides for payment of a cash fee and further provides as follows:

> " * * * and no permit shall be issued until the applicant has executed and filed with the Board a corporate surety bond guaranteeing that the applicant will answer in damages to any person injured by pesticide application or drift to plants, animals, or property, or by failure of the applicant to comply with the rules and regulations of the Board governing the use and application of pesticides, but the aggregate liability of the surety to all persons so

damaged shall, in no event, exceed the sum of twice the amount of such bond. Such bond shall be required and may be in an amount fixed by the rules and regulations of the Board; provided, that applicants may file a cash bond in lieu of a corporate surety bond."

The bond, dated June 17, 1957, describes Hiller as "principal" and Hartford as "surety" and is to the State of Oklahoma in the sum of $3,000 and states the obligation is joint and several. It describes the condition thereof as being relative to Hiller securing a permit pursuant to the provision of "Title 2, Sections 602.1–602.8, Oklahoma Statutes 1951," and the rules and regulations of the State Board of Agriculture. The bond also states:

> "Now, therefore, if the said principal shall answer in damages to any person injured by failure of the said principal to comply with all of the rules and regulations of the State Board of Agriculture of the State of Oklahoma governing the use and application of insecticides, herbicides and fungicides, then and in that event, this obligation shall be null and void, otherwise to remain in full force and effect, Provided, however, that the aggregate liability of the said surety to all persons so damaged shall, in no event, exceed the sum of twice the amount of this obligation."

■ Title 2, Section 602.5, O.S.1951, referred to in the bond has reference to the prior existing statute. After the 1955 amendment the statute was as above described and quoted. Hiller and Hartford furnished and filed the bond with the Board of Agriculture as a statutory prerequisite to the issuance of a permit to engage in the business of spraying with pesticides. The provisions of the existing statute, making such requirement, are read into and became a part of that bond. Jacobsen v. Howard, 164 Okl. 88, 23 P.2d 185.

Assuming that there is some merit in the contention that the terms of the bond preclude the joinder of Hartford as a defendant in the action, still this would not of

**680**

itself prevent the joinder. The liability of the bond maker for injuries resulting from the operation of the pesticide sprayer may arise by reason of the statute, after it has filed its bond. Jacobsen v. Howard, supra. See also Enders v. Longmire, 179 Okl. 633, 67 P.2d 12, and Daniels v. Scott, Okl., 340 P.2d 223, 226, 227.

This court has not had occasion to determine whether, under the provisions of the above statute (2 O.S.Supp.1955 § 3–85) and the circumstances presented, the insurance company may be joined in an action of this nature. However, it is our opinion that decisions approving joinder where other statutes or a city ordinance required a bond or insurance for protection of the public, as a prerequisite to issuance of a permit to operate, are applicable to the present situation.

The Motor Carrier Act (47 O.S.1951 § 169) has been the subject of many such decisions. Beginning with Temple v. Dugger, 164 Okl. 84, 21 P.2d 482, this court has held joinder of the insurance company in a tort action was proper. Many of these cases are cited with approval in Jones v. Eppler, Okl., 266 P.2d 451, 48 A.L.R.2d 333.

In Daniels v. Scott, supra, this court passed upon the propriety of such joinder under the provisions of the Liquified Petroleum Gas Act (52 O.S.Supp.1955 § 420.4, since amended). In the cited case we approved joinder of the insurance company which had furnished the insurance required by the statute.

Although the language of 2 O.S.Supp. 1955 § 3–85, is different from that of either of the above Acts still the purpose is the same. The general purpose of the statute, viewed in its entirety, is protection to the public. The only benefit derived by Hiller from the filing of the bond was the issuance to him of a permit to engage in the pesticide spraying business. Otherwise the bond was for the benefit of persons injured by the pesticide application or drift to plants, animals or property. The liability of Hartford arose by reason of the statute

after it had filed its bond. Jacobsen v. Howard, supra, and Safeway Cab Co. v. McConnell, 181 Okl. 612, 75 P.2d 884. Annotation 20 A.L.R.2d 1097.

It is our opinion that Hartford was properly joined as a defendant in the action. Since Hartford was a proper defendant then any contention of being prejudiced thereby must of necessity be without merit.

Affirmed.

BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., dissents.