Dear Director, John W. Maile,
¶ 0 This office has received your request for an Attorney General Opinion. You have asked, in effect, the following questions:
1. What classes of potential claimants may recover under theprovisions of 1999 Okla. Sess. Laws ch. 155, 3 (to be codifiedas 47 O.S. 583(E)(1)(e) (1999)), which requires a bond to beposted by a dealer or salesperson licensed by the Used MotorVehicle and Parts Commission?
 2. Does the language regarding "any person" in the secondsentence of 47 O.S. 583(E)(1)(e) (1999) mean that "anyperson" who is injured through any of the actions set forth inthe first sentence of said section may make a claim on the bond,or is recovery under the bond limited to problems associated withtitles?
¶ 1 The Used Motor Vehicle and Parts Commission licenses used motor vehicle dealers and salespersons, wholesale used motor vehicle dealers, and manufactured housing dealers. See
1999 Okla. Sess. Laws ch. 155, 2 (to be codified as 47 O.S. 582(E) (1999)). Every dealer or used motor vehicle salesperson is required to have a surety bond. The applicable provision reads as follows:
 E. 1. a. Each applicant for a used motor vehicle dealer's license shall procure and file with the Commission a good and sufficient bond in the amount of Ten Thousand Dollars ($10,000.00). Beginning November 1, 1996, each new applicant for a used motor vehicle dealer's license for the purpose of conducting a used motor vehicle auction or whose business will consist primarily of consignment sales which total One Million Dollars ($1,000,000.00) or more in gross sales shall procure and file with the Commission a good and sufficient bond in the amount of Fifty Thousand Dollars ($50,000.00). . . . A new dealer with no history of consignment sales shall be required to purchase a bond in the amount of Ten Thousand Dollars ($10,000.00). In lieu of the bond, an applicant for a used motor vehicle dealer's license for the purpose of conducting a used motor vehicle auction which is restricted to a dealer-to-dealer transaction may obtain check and title insurance in an amount not less than the amount of the used motor vehicle auction bond.
 b. Each applicant for a wholesale used motor vehicle dealer's license shall procure and file with the Commission a good and sufficient bond in the amount of Twenty-five Thousand Dollars ($25,000.00).
 c. Each applicant for a manufactured home dealer's license shall procure and file with the Commission a good and sufficient bond in the amount of Thirty Thousand Dollars ($30,000.00).
 d. Each manufactured home manufacturing facility selling directly to a licensed manufactured home dealer in this state shall procure and file with the Commission a good and sufficient bond in the amount of Thirty Thousand Dollars ($30,000.00). In addition to all other conditions and requirements set forth herein, the bond shall require the availability of prompt and full warranty service by the manufacturer to comply with all warranties expressed or implied in connection with each manufactured home which is manufactured for resale in this state.
 e. The bond shall be approved as to form by the Attorney General and conditioned that the applicant shall not practice fraud, make any fraudulent representation, or violate any of the provisions of this act in the conduct of the business for which the applicant is licensed. One of the purposes of the bond is to provide reimbursement for any loss or damage suffered by any person by reason of issuance of a certificate of title by a used motor vehicle dealer, a wholesale used motor vehicle dealer, or a manufactured home dealer.
. . . .
 3. Each applicant for a used motor vehicle salesperson's license shall procure and file with the Commission a good and sufficient bond in the amount of One Thousand Dollars ($1,000.00). The bond shall be approved as to form by the Attomey General and conditioned that the applicant shall perform duties as a used motor vehicle salesperson without fraud or fraudulent representation and without violating any provisions of this act.
47 O.S. 583(E) (1999).
 I.
¶ 2 You first ask what classes of potential claimants can recover under the bond provisions above. The applicable language mentions "any person." The question therefore centers around the definition of "person."
¶ 3 In examining the meaning of words contained in the statutes, we are assisted by 25 O.S. 1. That statute reads:
 Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained."
25 O.S. 1 (1991).
¶ 4 "Person" is one of the words "hereinafter explained."
 The word "person," except when used by way of contrast, includes not only human beings, but bodies politic or corporate.
25 O.S. 16 (1991).
¶ 5 Generally, the purpose of a bond is to protect the public.See Hiller v. Rist, 362 P.2d 678, 680 (Okla. 1961); Mitchellv. City of Lawton, 253 P. 999, 1001 (Okla. 1926). Combining this principle of protection with the definition above, we conclude the word "person" as used in the statute is not limited to an individual human being. Therefore, the class of those who may recover under the bond provisions includes bodies corporate and politic as well as individuals.
 II.
¶ 6 You next ask, in essence, whether a person can recover under a bond issued in accordance with the statutory requirements if the person is injured through any ofthe actions described in the first sentence of subsection (e). Subsection (e) reads:
 The bond shall be approved as to form by the Attorney General and conditioned that the applicant shall not practice fraud, make any fraudulent representation, or violate any of the provisions of this act in the conduct of the business for which the applicant is licensed. One of the purposes of the bond is to provide reimbursement for any loss or damage suffered by any person by reason of issuance of a certificate of title by a used motor vehicle dealer, a wholesale used motor vehicle dealer, or a manufactured home dealer.
47 O.S. 583(E)(1)(e) (1999).
¶ 7 As noted above, the purpose of a bond is to protect the public. It would be incongruous to expect that a person could be protected from a title problem caused by a dealer, but not be protected from other complications which might arise from fraud or violations ofthe Act by the same dealer. The Oklahoma Court of Civil Appeals has reached the same result. See Durant v.Changing, Inc., 891 P.2d 628, 631 (Okla.Ct.App. 1995) ("The purpose of the indemnity bond required for used motor vehicle dealer licensees is to protect the public and ensure that the dealer `shall not practice fraud, make any fraudulent representation, or violate any of the provisions' of the Used Motor Vehicle and Parts Dealers Act. . . .") Therefore, we do not read the placement of "person" in the second sentence as an indication the Legislature intended to limit recovery under the bond to title-related problems. The second sentence of 47 O.S.583(E)(1)(e) is not intended to be exclusive; rather, it appears to be intended as a further example of what the bond covers.
¶ 8 Therefore, the bond required to be posted by a licensee of the Used Motor Vehicle and Parts Commission is intended to cover fraud, any fraudulent representation, or a violation of any of the provisions of the Act by a dealer or salesman licensed by the Used Motor Vehicle and Parts Commission; it is not limited to title-related problems.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The class of potential claimants who may recover under thebond provisions of 1999 Okla. Sess. Laws ch. 155, 3 (to becodified as 47 O.S. 583(E)(1)(e) (1999)) is not limited to asingle individual, but also includes bodies corporate andpolitic. Therefore, a corporate entity as a "person" can alsorecover under this statute, which requires the posting of a bondby any dealer or used motor vehicle salesperson licensed by theOklahoma Used Motor Vehicle and Parts Commission.
 2. Under 47 O.S. 583(E)(1)(e) (1999), a person who isinjured by any fraudulent act or violation of the statutesgoverning the conduct of a dealer or salesperson licensed by theUsed Motor Vehicle and Parts Commission may recover under thebond required by this statute in the same manner as a person whoincurs damage by reason of the issuance of a certificate oftitle.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL