## MEAD et al. v. JONES.

No. 27596.　July 6, 1937.

Rehearing Denied Sept. 14, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 23, 1937.

Butler, Brown & Rinehart, for plaintiffs in error.

Sullivan & Marmaduke, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Stephens county.

The action was instituted by the defendant in error, hereinafter referred to as plaintiff, on behalf of herself and her then unborn child against the plaintiffs in error, hereinafter referred to as defendants, to recover damages for the wrongful death of Jimmie Jones, the husband of plaintiff and the father of the child. The cause was tried to a jury and resulted in a verdict in favor of the plaintiff wherein her recovery was assessed at the sum of $4,500. Motion for new trial was overruled and the defendants appeal here by joint petition in error. The specifications of error are presented and discussed under the following single proposition:

"The court erred in permitting the joinder of the Casualty Reciprocal Exchange as a party defendant, and in so doing, deprived the other defendants of a fair and impartial trial."

The essential facts are not in dispute. The defendant, Bryce Green, made application to the Corporation Commission for a certificate of necessity and convenience authorizing him to engage in the business of a motor carrier as a Class B operator under the provisions of section 3708, O. S. 1931, as amended by section 4, chapter 156, S. L. 1933.

For the purpose of enabling the aforesaid Bryce Green to obtain a certificate of necessity and convenience and to comply with the statutory requirement the defendant, Casualty Reciprocal Exchange, on September 1, 1935, issued its policy No. O-5838 and attached thereto an endorsement designated as form H, which in part provides as follows:

"The policy to which this endorsement is attached is written under and pursuant to the provisions of subsection H, article 9, chapter 20 of Oklahoma Statutes, 1931, as amended by chapter 156, Session Laws 1933, and such other amendments as may be effective at the time this endorsement is executed, and it is to be construed in accordance therewith and in accordance with the rules and regulations of the Corporation Commission of Oklahoma and its execution implies an acceptance of such rules and regulations relating to motor carriers engaged in inter-city transportation of property in furtherance of any private commercial enterprise, and is, under the conditions hereinafter set forth, for the benefit of persons who may suffer personal injuries, including death, or property damage due to any negligence of the assured, his/its agents, employees, or representatives in the operation or use of any motor vehicle under Corporation Commission of Oklahoma Class 'C'. * * *

"In consideration of the premium stipulated in the policy to which this endorsement is attached, the insurer hereby waives a description of the motor vehicles operated or used by the named assured under said permit and agrees to pay any final judgment rendered against the assured for personal injuries, including death, or damage to property other than that of the assured,

312

due to the negligence of said assured, his agents, or employees, or representatives, in the operation or use of any motor vehicle, whether listed in the original schedule of motor vehicles covered by the policy to which this endorsement is attached, or whether it be an additional, a substituted or an emergency vehicle operated by the assured, under said permit."

This policy with the aforesaid endorsement was sent to the Corporation Commission on September 5, 1935. The Corporation Commission required that the policy be further broadened by a Form F endorsement which was supplied and received by the commission under date of September 9, 1935. The accident out of which this suit arose occurred at about 2 a. m. September 5, 1935.

This court had occasion to consider and discuss a very similar question to that here presented in the recent case of Enders v. Longmire, 179 Okla. 633, 67 P. (2d) 12, and the discussion therein is appropriate as applied to the facts of this case.

We are of the opinion that what has heretofore been said in Enders v. Longmire, supra, decisively disposes of every proper contention here presented and is controlling in the premises.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, and CORN, JJ., concur.