## WRAY et al. v. GARRETT, Adm'x.

No. 28917. April 11, 1939.

Rehearing Denied May 16, 1939.

Application for Leave to File Second Petition for Rehearing Denied June 13, 1939.

Sam L. Wilhite and James C. Cheek, for plaintiffs in error.

Suits & Lewis and Roy Steele, for defendant in error.

HURST, J. This is an action by Mae Garrett, administratrix, for the wrongful death of Charles I. Garrett, who was fatally injured in an automobile accident in Comanche county. Defendants are Otto Wray, operator of a trucking business, Emmitt Meeks, his truck driver, and Employers Casualty Company, the insurance carrier. Defendants Wray and Meeks resided in Caddo county and plaintiff is a resident of Jackson county, where this action was instituted. Defendant insurance company, a foreign corporation, is the insurer in the policy of insurance filed with the Corporation Commission as a prerequisite to the issuance to defendant Wray of a class B operator certificate. Service was had upon the insurance company by serving the State Insurance Commissioner, and service was had on the two individual defendants by personal service in Caddo county. The jury returned a verdict for plaintiff, on which judgment was entered. Defendants appeal.

1. The first contention of defendants is that the venue was not in Jackson county.

It is settled in this jurisdiction that the liability for personal injuries or property damage caused by the negligence of a motor carrier, operating under a certificate of convenience and necessity, and the insurance carrier, under sec. 3708, O. S. 1931, as amended by section 4, ch. 156, S. L. 1933 (47 Okla. St. Ann. sec. 169), is joint, and a single cause of action may be maintained against them. Enders v. Longmire (1937) 179 Okla. 633, 67 P.2d 12; Miner v. Fowler (1937) 180 Okla. 45, 67 P.2d 799; Mead v. Jones (1937) 181 Okla. 311, 73 P.2d 176; American Fidelity & Casualty Co. v. Bennett (1937) 182 Okla. 71, 76 P.2d 245. Defendants do not deny that they may be jointly sued, but contend that their liability is not joint in the sense that both are primarily liable. They insist that the liability is that of principal and surety by reason of their contractual relationship with one another. However, under the authorities above cited, the liability is imposed by statute and not according to the terms of their contract. Under the statute their liability is joint.

It is further argued that even though the defendants are jointly liable, nevertheless there is no statute which permits the maintenance of an action in the county of plaintiff's residence against a foreign corporation and an individual resident defendant who does not reside in the county of plaintiff's residence. However, it is settled that an action against two or more defendants jointly liable may be maintained against such defendants in any county that is proper venue for any one of the defendants. Section 117, O. S. 1931 (12 Okla. St. Ann. sec. 139) ; sec. 167, O. S. 1931 (12 Okla. St. Ann. sec. 154) ; Fisher v. Fiske (1923) 96 Okla. 36, 219 P. 683; Oklahoma State Bank v. Reed (1926) 121 Okla. 103, 247 P. 402; Wilkinson v. Whitworth (1934) 169 Okla. 286, 36 P.2d 932. An action against a foreign insurance company may be maintained in the county of the residence of the plaintiff. Section 115, O. S. 1931 (12 Okla. St. Ann. sec. 137) ; sec. 43, art. 9, Oklahoma Constitution. A joint action against a foreign insurance company and a resident of the state may be maintained in the county of the residence of the plaintiff, and the resident defendant, though a nonresident of the county where the action is brought, may be summoned and brought into the county where the plaintiff resides. Tibbett & Pleasant v. Oklahoma State Bank (1926) 119 Okla. 109, 249 P. 149; Minton v. Minton (1934) 170 Okla. 274, 39 P.2d 538.

In view of our statutes and decisions in the matter, the cases from other jurisdictions relied on by defendants are not pertinent. It follows from the foregoing rules of law that this action is maintainable in Jackson county.

2. It is next contended that the court erred in admitting certain hearsay evidence on the theory that it was part of the res gestae.

The facts in this connection are as follows: The accident occurred at 9:30 in the morning on a bridge. Charles I. Garrett was left on the floor of the bridge where he had been thrown for about 45 minutes, during which time he conversed with bystanders, and in answer to questions told his name and where he was from. Several times he asked to be moved to relieve the pain in his back. Thereafter, he was taken in an ambulance about ten miles to a hospital, where he talked with his daughter and where he was given first aid treatment to

relieve his pain. While he was in the hospital, about three hours after the accident, he was asked the cause of the accident, and in reply made the statement objected to, that is, that "the fellow would not give him time to get across the bridge," and "that guy saw me coming and wouldn't wait until I got off."

The evidence is that at the time he was making these statements he was either conscious or semiconscious. It is not contended that he was totally unconscious, and there is no evidence that his semiconsciousness was of such extent that he could not comprehend what had happened.

We think it clear from the undisputed evidence that the statement was not made while Garrett was still under the dominating influence of shock and excitement, but rather it was simply a narration of past events, deliberately made in answer to a question propounded.

Much has been written on the subject of res gestae, and no definite rule can be stated, but rather the admissibility of such statements must depend upon the particular circumstances of each case, and in a great measure is left to the discretion of the trial court. Marland Refining Co. v. Snider (1926) 120 Okla. 116, 251 P. 989; Standard Accident Insurance Co. v. Baker (1930) 145 Okla. 100, 291 P. 962; Travelers Ins. Co. v. Minton (1937) 181 Okla. 306, 73 P.2d 422. However, it is settled that where it appears from the circumstances of a particular case that the statement complained of was merely a narrative of past happenings, deliberative rather than spontaneous, and was made under circumstances where the mind was not controlled by shock or excitement, it is not admissible. Missouri, O. & G. Ry. Co. v. Adams (1915) 52 Okla. 557, 153 P. 200; Chicago, R. I. & P. Ry. Co. v. Foltz (1916) 54 Okla. 556, 154 P. 519; Roy v. St. Louis-S. F. Ry. Co. (1931) 153 Okla. 270, 4 P.2d 1038; Lacy Chevrolet Co. v. McGinnis (1937) 181 Okla. 97, 72 P.2d 785; Aetna Life Ins. Co. v. Kern-Bauer (10 Cir. 1933) 62 F.2d 477. Such appears to be the situation here, and therefore the court erred in admitting the evidence complained of.

Other questions are discussed in the briefs, but, in view of our conclusion that the judgment must be reversed, we do not deem it necessary to discuss them.

Judgment reversed, with directions to grant a new trial.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.