## HIGHWAY INS. UNDERWRITERS v. NICHOLS.

### Civ. No. 2473.

United States District Court
E. D. Oklahoma.
Aug. 9, 1949.

Draper Grigsby, Oklahoma City, Okl., for plaintiff.

Hugh M. Sandlin, Holdenville, Okl. for defendant.

RICE, Chief Judge.

On the 7th day of April, 1943, Marion W. Middleton, a citizen and resident of Hughes County, Oklahoma, d/b/a Middleton Transfer, who will hereinafter be referred to as Middleton Transfer, was a common carrier of freight operating upon the highways of the State of Oklahoma under a certificate of convenience and necessity and a legal permit issued by the Corporation Commission of the State of Oklahoma, pursuant to 47 O.S.A. § 167.

In order to obtain said permit, it was necessary for Middleton Transfer to file or cause to be filed with the Motor Carrier Division of the Corporation Commission a

public liability insurance policy or bond conditioned as required by statute, 47 O. S.A. § 169. Plaintiff herein, a Texas insurance corporation, authorized to do business in Oklahoma executed the required bond and filed it with the Corporation Commission. The statute required the bond to "bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which said carrier is legally liable * * *". The bond that was filed described only one vehicle, a 1936 1½ ton International truck, Van body; however, form E. endorsement attached to the bond, in order to comply with the law, covered "any motor vehicle operated or used for transportation of freight" by the insured.

In April, 1943, while the above bond was in force and effect a collision occurred between a 1940 Chevrolet pickup truck being driven by Claud Hester and a 1936 1½ ton Chevrolet truck driven by one Vandergriff resulting in the death of Claud Hester. The 1936 1½ ton Chevrolet truck was owned by Leo Middleton.

Allen G. Nichols, a resident of Seminole County, Oklahoma, was appointed administrator of the estate of Claud Hester, deceased, and as plaintiff sued the Highway Insurance Underwriters (plaintiff herein) and Middleton Transfer in the District Court of Seminole County, Oklahoma, seeking to recover $20,000 by reason of Vandergriff's negligence. In said suit the administrator, in addition to allegations of negligence, alleged that at the time of the fatal accident the truck, although owned by Leo Middleton, was being used in the service of Middleton Transfer in the furtherance of its business as a common carrier and was being operated under the permit and certificate of convenience and necessity granted to said Middleton Transfer. The petition further alleged that Vandergriff at the time of the collision was acting as the agent, servant, and employee of Middleton Transfer. The first suit filed by the administrator in the State court was dismissed without prejudice on the date it was set for trial. Within a year a second suit was filed which ultimately proceeded to trial before a jury. The jury was unable to agree, and the action is still pending in the State court awaiting a second trial. One of the issues in the State court was whether the 1936 1½ ton Chevrolet truck driven by Vandergriff at the time of the collision was in the service of Middleton Transfer, or whether it was being operated by Leo Middleton in a business of his own.

After the trial resulting in a hung jury, the Highway Insurance Underwriters filed the present suit in this court on January 19, 1949, making only the administrator of the estate of Claud Hester, deceased, a party defendant. Plaintiff is proceeding under the Declaratory Judgment Statute as amended, 28 U.S.C.A. § 2201, its contention being that its policy of insurance did not cover the truck involved at the time of the accident for the reason that it was then being driven by Vandergriff in furtherance of the business of Leo Middleton and not in furtherance of any business of Middleton Transfer, and consequently, plaintiff is under no obligation "to pay any possible judgment that may be rendered in said suit arising out of said accident". Plaintiff attaches to its complaint a copy of the petition filed by the administrator in the State court. A comparison between the allegations of the petition filed in the State court and the complaint filed herein readily discloses that the identical issue presented here is an issue in the State court proceeding.

The administrator has filed herein an answer in which he admits most of the allegations contained in the plaintiff's complaint. However he reaffirms and reasserts his contention, made in the State court, that at the time of the collision Vandergriff was the agent of Middleton Transfer, and that the truck was then being used in the business of the Middleton Transfer and states "that the issue which plaintiff seeks to raise in this court is the contested issue in the District Court of Seminole County, Oklahoma, which has jurisdiction to try said action."

Admittedly, plaintiff is a citizen and resident of the State of Texas, and defendant is a citizen and resident of the Eastern

District of Oklahoma. More than $3,000 is involved. There is an actual and existing controversy between the plaintiff and the defendant, but the pleadings and admissions herein disclose that the identical controversy is present in the State court action wherein the plaintiff insurance company is joined as a defendant with its insured, Middleton Transfer. Although the pleadings do not refer to the failure to make Middleton Transfer a party to this suit, defendant in his brief has pointed out that Middleton Transfer is not a party to this action, and plaintiff in its brief has endeavored to show that Middleton Transfer is not a necessary or indispensable party to this action.

It is apparent that Middleton Transfer could not be made a party to this action. If joined as a party plaintiff, there would be no diversity of citizenship. If joined as party defendant, its interest being identical with that of the plaintiff, the court would be compelled to realign the parties and to reach the conclusion that there is no diversity of citizenship. In determining, however, whether or not the court should deny plaintiff relief because of the pendency of the State court action, the fact that Middleton Transfer is not and cannot be made a party to this suit must be considered.

■ There is a serious question as to whether or not Middleton Transfer is an indispensable party to this action under Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A.,[1] which rule is applicable to declaratory judgment actions. Certainly, it ought to be a party if complete relief is to be accorded. Sub-section (b) of Rule 19 provides that if a party is not indispensable but ought to be a party and cannot be made a party without depriving the court of jurisdiction, then the court may proceed in his absence "but the judgment rendered therein does not affect the rights or liabilities of absent persons." Since neither party to this action has taken the position that Middleton Transfer is an indispensable party and in view of the conclusion hereinafter reached, the court will not decide that question.

■ Plaintiff proceeds on the theory that only "coverage" of its policy is involved in this declaratory judgment action. In determining what effect should be given to the pendency of the State court action, however, consideration should be given to the legal relations and liabilities of the parties under the particular form of insurance contract involved. It is the settled law of Oklahoma that under such a contract the insurer and insured are jointly liable to third persons for injuries due to the negligence of the insured. Temple v. Dugger, 164 Okl. 84, 21 P.2d 482; Jacobsen v. Howard, 164 Okl. 88, 23 P.2d 185; Enders v. Longmire, 179 Okl. 633, 67 P.2d 12; Mead v. Jones, 181 Okl. 311, 73 P.2d 176; American Fidelity & Casualty Co. v. Bennett, 182 Okl. 71, 76 P.2d 245; Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050; Utilities Ins. Co. v. Potter, 188 Okl. 145, 105 P.2d 259, 154 A.L.R. 512; Be-Mac Transport Co. v. Larimore, 191 Okl. 249, 129 P.2d 192; G. A. Nichols Co. v. Lockhart, 191 Okl. 296, 129 P.2d 599; All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424. The Oklahoma court has further held that the liability is one created by statute and that an injured person has one cause of action against the defendants jointly not a separate cause of action against each of them. Jacobsen v. Howard, supra; All American Bus Lines v. Saxon, supra. Such a suit as was filed in the State court may not be removed by the insured to the Federal court. Johnson v. Jordan, D.C.E.D.Okl., 22 F. Supp. 286; Ferris v. Wray, D.C.W.D.Okl., 22 F.Supp. 135.

■ Although the jurisdictional requirements are present, the court is under no compulsion to exercise its jurisdiction. The defendant's motion to dismiss the complaint or to deny relief by reason of the pendency of the State court action is addressed to the discretion of the court. Brillhart v. Excess Ins. Co., 316 U.S. 491,

---

[1] See Samuel Goldwyn, Inc., v. United Artists Corp., 3 Cir., 113 F.2d 703; State of Washington v. U. S., 9 Cir., 87 F.2d 421; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Franklin Life Insurance Co. v. Johnson, 10 Cir., 157 F.2d 653.

62 S.Ct. 1173, 86 L.Ed. 1620; Franklin Life Insurance Company v. Johnson, 10 Cir., 157 F.2d 653; Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514. On the other hand the court should not refuse to assume jurisdiction merely on the ground that another remedy is available or because another suit is pending if the controversy between the parties will not necessarily be determined therein. Franklin Life Insurance Co. v. Johnson, supra; Maryland Casualty Co. v. Consumers Finance Service, supra. The discretion of the trial court is not an arbitrary one. It is a discretion that should be exercised after due consideration is given to the rights of the parties both here and in the State court. "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart v. Excess Insurance Co., supra [316 U.S. 491, 62 S.Ct. 1176].

The issue now presented to this court is one of fact. The identical issue is involved in the State court action. Its determination in the State court action will settle that issue and all other issues not only as to the plaintiff, insurance carrier, but as to Middleton Transfer who is jointly liable, if liable at all, with the insurance carrier in the State court action. Its determination in the State court would terminate the entire controversy and put an end to litigation. The settlement of that one issue here would settle it only as between the insurance carrier and the administrator. Its settlement here, regardless of how it might be settled, would create an impossible situation in the State court. The judgment here would "not affect the rights or liabilities" of Middleton Transfer. The State court would be confronted with the problem of how to give effect to the judgment of this court and at the same time follow the state law with respect to the rights and liabilities of the parties. If the insurance contract herein does not cover the truck in question, it is by reason of facts that are as applicable to Middleton Transfer as to the insurance company. If there is coverage, both the insurer and insured are liable. If there is no coverage, neither is liable. An effort to determine the question of coverage, which in effect determines the liability of the insurance company, in this action would, in my judgment, be a "gratuitous interference with the orderly and comprehensive disposition" of the litigation pending in the State court.

Without regard to whether or not Middleton Transfer is an indispensable party to this proceeding, the court is of the opinion that in its discretion it should deny relief to the plaintiff under the Declaratory Judgment Statute.

The attorney for defendant will prepare proper decree in conformity with the above memorandum and present to the Court for signing and entry at Muskogee, Oklahoma, August 22, 1949, at 9:30 a. m.