**NEW YORK MILK SHED TRANSPORTATION, Inc.** with its principal office and place of business at 1915 Dwyer Avenue, Utica, N. Y., Plaintiff,

v.

**Alva M. MEYERS, Jr.,** as District Director of Internal Revenue of the Treasury Department of the United States and Internal Revenue Service, Defendant.

Civ. No. 5772.

United States District Court
N. D. New York.

July 5, 1956.

William R. Goldbas, Utica, N. Y., for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Theodore E. Munson, Asst. U. S. Attorney, Juneau, Alaska, of counsel, for defendant.

BRENNAN, Chief Judge.

The disposition of this motion requires the application of more practical considerations than legal principles.

About August 24, 1955 plaintiff commenced an action in the Supreme Court of the State of New York to enjoin the defendant from the sale of certain real property under a tax lien. The complaint sought an adjudication that said lien was invalid and should be cancelled as against the real property known as 1915 Dwyer Avenue, Utica, N. Y. A temporary restraining order was granted by the state court staying the sale of said property until its further order. The action was removed to this court on September 8, 1955.

On September 15, 1955 an action was commenced in this court, the United States v. Nelson Creamery Corp. and New York Milk Shed Transportation Inc. This action, brought under the provisions of the Internal Revenue Code of 1954, in effect seeks the foreclosure of the same tax lien which is the subject of the litigation in the instant case. In addition, it seeks the same relief against this plaintiff because of two tax assessments or liens alleged to be due directly from this plaintiff. This action, No. 5787, is pending in this court although the Clerk's records do not disclose that answers have been filed.

A brief reference to the facts is necessary to an understanding of this decision. Plaintiff, New York Milk Shed Transportation Inc., (hereinafter referred to as "New York Milk Shed") is a New York corporation and is presently the record owner of the premises known as 1915 Dwyer Avenue, Utica, N. Y. Nelson Creamery Corporation, (Hereinafter referred to as "Nelson") is a domestic corporation. Its principal property was a milk plant located at Nelson,

N. Y. which was destroyed by fire some time ago. It apparently is inactive but its place of business is also at 1915 Dwyer Avenue, Utica, N. Y. Charles Braveman is the principal stockholder of both corporations and is the executive head thereof.

In September 1952 a deed of the Dwyer Avenue property was executed and delivered by Nelson to New York Milk Shed. Same was not recorded in the Oneida Co. Clerk's office until November 1953. The details of the alleged tax liens are unnecessary except to state that it is the plaintiff's contention in the instant action that a tax lien in the amount of some $1,300, assessed against Nelson, is not an enforceable lien against the presently owned property of the New York Milk Shed. This contention is disputed by the defendant who apparently claims that the New York Milk Shed took the property without consideration and with notice of the unpaid tax assessment and is liable therefor as a transferee. It should be noted that Nelson is not a party to the instant action.

In action No. 5787, above referred to, Nelson is made a party. The same tax assessment or lien is involved, together with additional assessments or liens which the plaintiff claims are the direct obligations of New York Milk Shed. It is readily apparent that action No. 5787 will adjudicate the dispute involved in the instant case. All interested parties are before the court in that action; the determination thereof will settle all of the issues, and piecemeal litigation will be avoided.

No serious examination of the law has been made or is deemed necessary. No authorities have been cited by the parties. Practicality would dictate that the motion should be granted.

If the instant action may be entertained, it is upon the basis that the action is against a federal officer as provided in Title 28 U.S.C.A. § 1442 and involves a declaration of the rights of the parties as provided in Title 28 U.S.C.A. § 2201. Assuming that the action is one brought by a third party, not a taxpayer,

and may be maintained as above indicated, Hoye v. U. S., D.C., 109 F.Supp. 685; New York Casualty Co. v. Zwerner, D.C., 58 F.Supp. 473, then the entertainment of the suit involves a measure of discretion. Such discretion is to be exercised in accordance with the principles laid down in reported cases and applied in accordance with the facts and circumstances of the litigation in which relief is sought. Moore's Federal Practice, 2d Ed., Vol. 6, Sec. 57.08.

The facts and circumstances, outlined above, are sufficient in themselves to invoke the court's discretion here. The motion is therefore granted and the complaint is dismissed and it is

So ordered.