George O. BRAMLETT, Administrator of the Estate of Lyndall Faye Bramlett, Deceased, Plaintiff in Error,

v.

PAN AMERICAN FIRE & CASUALTY COMPANY, Melvin Lindley, Elvin Lindley, and M. C. Lindley, Jr., individually and as copartners d/b/a Home Gas Company, a copartnership, Defendants in Error.

No. 40418.

Supreme Court of Oklahoma.

March 31, 1964.

Brown, Brown & Brown, McAlester, (Ellis M. Brown, Lonnie W. Brown, McAlester, of counsel), for plaintiff in error.

Duvall & Head, Oklahoma City, for defendants in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court as they did in the lower court and will be referred to by name or as plaintiff and defendants.

Plaintiff appeals from an order of the lower court dismissing his action as to Pan American Fire & Casualty Company, when it sustained that defendant's demurrer and motion to strike its name as an improper defendant in the action.

Plaintiff originally brought this action against Melvin Lindley, Elvin Lindley and M. C. Lindley, Jr., individually and as co-partners d/b/a Home Gas Company (herein collectively referred to as Home Gas) and Sinclair Oil and Gas Company, to recover for the wrongful death of Lyndall Faye Bramlett as a result of an explosion of propane gas. Thereafter plaintiff settled his claims and demands against Sinclair Oil and Gas Company for the sum of $15,-000, reserving his right of action against all other persons. Plaintiff then filed an amended petition in which he deleted Sinclair Oil and Gas Company as a defendant. In the amended petition Pan American Fire & Casualty Company was made an additional party defendant because of its alleged liability as the insurance carrier of Home Gas pursuant to the law hereinafter described.

Plaintiff's amended petition alleged, inter alia, that Home Gas was a dealer in propane gas, one of the liquified petroleum gases, the manufacture, sale and distribution of which was regulated by the Liquified Petroleum Gas Law (52 O.S.1961 § 420.1 et seq.) and that as a prerequisite to securing a license (permit) as a dealer or handler of such gas (52 O.S.1961 § 420.4) the defendant Home Gas procured and filed (with the Gas Administrator) a Certificate of Insurance furnished by Pan American (copy of which was attached to petition) certifying the issuance of a public liability insurance policy covering the business operations of

Home Gas; that a Basic Rule promulgated by the Gas Board (copy of which was attached to petition) required Home Gas to odorize such gas as provided in said Rule to indicate the presence of the gas; that on or about April 6, 1960, Home Gas brought propane gas from Sinclair Oil and Gas Company, and resold and delivered the propane gas to a storage tank situated on a described farm and that such gas did not contain the requisite minimal amounts of odorizing agents, or any of same, to indicate the presence of the gas; that thereafter the premises and house thereon became vacant and a small leak in the uncapped gas line into the house allowed gas to accumulate in the house; and that on the evening of October 29, 1960, the deceased minor (14 years of age) entered upon the premises with a church party and was fatally burned when a member of the group, without knowledge of the gas, struck a match and ignited the vaporized gas. The amended petition charges Home Gas with negligence for failure to add the required odorizing agent and thus provide a warning device to the public, and with failure to use a high degree of care. Home Gas is further charged with breach of implied warranty to the public for failure to add the odorizing ingredients.

The provisions of 52 O.S.1961 § 420.4, subd. (a) require that transporters, distributors and retailers of propane gas obtain a registration permit to engage in such business. Section 420.4, subd. (g), requires that such persons file a certificate with the Gas Administrator showing public liability and property damage insurance coverage in minimum amounts covering such operations.

Section 420.4, subd. (h), provides that the insurance shall be kept in force and effect during the operation of the business and a certificate to that effect be filed, and concludes:

"* * * Nothing herein contained shall be deemed or construed to require products liability insurance coverage."

The insurance certificate furnished by Home Gas and executed by Pan American, after certifying issuance of a policy of insurance upon an approved form, states:

"* * * It is expressly understood and agreed that by the execution of this endorsement the Company does not afford to or on behalf of the insured named herein any products liability or completed operations insurance coverage * * *"

Plaintiff urges that under the circumstances there is joint liability on the part of Home Gas and Pan American and that they may be joined as defendants. Defendants contend in support of the trial court's order that plaintiff's action does not fall within the coverage of the insurance required by the statute and consequently there was no joint liability by operation of law, and that the action was properly dismissed as to Pan American.

In Jacobsen v. Howard, 164 Okl. 88, 23 P.2d 185, 187, we held that the insurance carrier furnishing insurance pursuant to the requirements of a statute was jointly liable with the insured by reason of the operation of the statute and not by reason of the insurance contract. See also Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050 and All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424, 425.

The statute, supra, specifically excludes any requirement of products liability insurance coverage. The certificate of insurance, supra, also states that it excludes this type of insurance coverage. If the alleged negligence of Home Gas falls within this category of insurance coverage, then it is not within insurance required by the statute, and the condition justifying joinder of the insurance carrier is absent.

In the present case the amended petition states that the propane was sold and delivered, without the odorizing ingredient, more than 6 months prior to the explosion resulting in injury and death to the deceased. The explosion was on premises not occupied by Home Gas and in the absence of any employee of Home Gas. The negli-

gence complained of was the failure to comply with the Rule requiring the addition of an odorizing ingredient so that persons would be warned of the presence of the gas. The alleged defect in the propane gas product was the absence of the odorant and this is also alleged to be the breach of an implied warranty.

In Great American Insurance Company v. Triplett, 243 Miss. 815, 139 So.2d 357, 360, the court quotes from Insurance Law and Practice, Appleman, Vol. 7A, Sec. 4508, regarding the terms "products liability" and a portion thereof is as follows:

" 'It is apparent that liability under what we ordinarily term "public liability" coverages can arise fundamentally in three distinct ways. An injury or a loss may result while an activity is in progress, and prior to the completion thereof, either as the result of an act of negligence or an omission. That is what is embraced within the ordinary liability aspect of a public liability policy. But if the operation has been completed, and liability results thereafter either by reason of a defect in merchandise or improper workmanship, that is called "products liability" or "completed operations", the protection of which can be purchased for a premium. Neither type of coverage is intended to supplant the other, nor would the premiums charged be adequate for that purpose.' "

Under the allegations describing the circumstances it is our conclusion that the negligence falls within products liability insurance coverage. The statute states that such insurance is not required. There is therefore no joint liability and Pan American was not a proper defendant.

Plaintiff relies on our decision in Daniels v. Scott, Okl., 340 P.2d 223. The controlling facts and circumstances in that case and in the present appeal are completely different and distinguishable. In the Daniels case the negligence complained of was that the tank was filled too full with the propane gas and that the heat of the follow-ing day caused the gas to expand and spray from the tank. It then ignited and caused the injury. That was not a defect in the propane gas product. In the present case the alleged negligence was the failure to add the required odorizing ingredient, whereby the presence of the gas would have been known and persons warned thereof, and that this deficiency resulted in the injury. This was a defect in the propane gas product and falls within products liability, for which no insurance coverage was required.

For the reasons above set out we conclude that Pan American was not a proper party defendant. In arriving at this conclusion we have not expressed or intended to express any opinion as to the rights or liabilities as between Pan American and Home Gas by reason of the insurance furnished by Pan American.

Affirmed.