**FRIGORIFICO CAPARRA, INC.,**
**Plaintiff,**

v.

**J. FLEISHMAN AND COMPANY, INC.,**
**Defendant.**

**Civ. No. 129-72.**

United States District Court,
D. Puerto Rico.

Aug. 1, 1972.

Edgardo A. González, Hato Rey, P. R., for plaintiff.

Goldman, Antonetti, Barreto Curbelo & Davila, Santurce, P. R., for defendant.

### ORDER

TOLEDO, District Judge.

Plaintiff filed its complaint with the Superior Court of the Commonwealth of Puerto Rico on December 27, 1971. Said cause of action was subsequently removed to this Court. The complaint alleges that the defendant owes the plaintiff $10,193.16 plus daily increases of $26.15 per day, for rentals due at the cold storage warehouse of the plaintiff. The origin of this complaint dates back to January 18, 1971, when the United States filed for the forfeiture of certain canned products belonging to the defendant and alleged to be contaminated pursuant to the Federal Food and Drug Act (21 U.S.C.A.). That action was instituted in this Court and was later removed to the United States District Court for the District of Massachusetts.

On October 5, 1972, the herein plaintiff, Frigorífico Caparra, Inc., filed in the Massachusetts' case, a motion to intervene which contained a claim against J. Fleishman and Company, Inc. for the same storage charges claimed in the

present action.[1] Permission to intervene was granted on October 28, 1971. Therefore, there existed a claim for the same storage charges claimed in the present case, between the same parties, and with a court with proper jurisdiction, preexistent to the present action. The defendant filed a motion to dismiss on March 9, 1972 alleging the existence of a prior suit for the same cause of action. We are compelled to dismiss.

■ It is well established that a motion to dismiss will lie if there is a prior action pending before another court for the same cause of action between the same parties. Jones v. American Guild of Variety Artists, 199 F.Supp. 840 (D. C.Pa., 1961); Gentry v. Hibernia Bank, 152 F.Supp. 469 (D.C.Cal., 1957); New York Milk Shed Transportation, Inc. v. Meyers, 144 F.Supp. 174 (D.C.N.Y. 1956); Highway Insurance Underwriters v. Nichols, 85 F.Supp. 527 (D.C.Okl. 1949).

■ The plaintiff requests that we exercise our discretion and not dismiss because it is more convenient to plaintiff to litigate in this forum. Aside from the fact that the plaintiff has already chosen the Massachusetts United States District Court as a forum with no apparent hardship on its part, other considerations govern our choice to exercise discretion to dismiss this action.

The issues presented in this case are collateral to the matter at hand before the Massachusetts Court. Section 334, 21 U.S.C.A., states that the person claiming the condemned articles is responsible for costs, storage and other proper expenses. This pre-supposes that a final decree on the alleged contamination of the articles must first be had, unfavorable to the claimant. We could, therefore, not decide the matter of storage costs until the condemnation proceeding is decided. Section 2465, 28 U. S.C.A., which also would seem to apply,

solely in the event that the Government were not successful, requires a certificate of reasonable cause in order to proceed against the United States for costs and possibly storage charges. (See: United States v. 1500 Cases . . ., 249 F.2d 382 (7 Cir., 1957)). This is also an issue proper for the trial judge in the condemnation proceeding.

It is therefore, ordered, that Civil No. 129–72 is hereby dismissed without prejudice.

It is so ordered.

---

1. At that moment they ascended to only $8,291.08 plus an identical additional daily charge of $26.147 per day.