**Joel T. DAUGHERTY and Patricia Daugherty, Plaintiffs,**

v.

**Alan J. POPICK, Carl Heins and Hamilton Avenue Hospital, Defendants.**

**No. 80 Civ. 6051 (GLG).**

United States District Court, S. D. New York.

April 2, 1981.

David Weicholz, Brooklyn, N. Y., for plaintiffs.

Clark, Gagliardi & Miller, P. C., White Plains, N. Y., for defendant Popick.

Meiselman, Farber, Stella & Moran, P. C., Poughkeepsie, N. Y., for defendants Carl Heins and Hamilton Avenue Hospital.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The plaintiffs move, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to set aside this Court's order of January 27, 1981 and to reargue the motions. The defendants had moved, pursuant to Rule 12(b)(5) and Rule 4(d)(3), to dismiss the summons and complaint on grounds of insufficiency of service of process. They also moved to dismiss or stay on grounds that there is an earlier action pending between the same parties for the same relief in the New York State courts. No opposition having been offered to the motions, they were granted, dismissing the actions without prejudice to a determination in the prior pending action.

In support of his motion, plaintiffs' counsel asserts that he was seriously ill during the period that the motion was pending and that he also mislaid the file, resulting in a failure to oppose the motions. For purposes of establishing excusable neglect, we will assume that the affidavits suffice. However, courts have traditionally required, on such motions, a showing of merit before reopening the matter. *See* 7 *Moore's Federal Practice* ¶ 60.28[3] at 407–08 (2d ed. 1979). As applied to this situation, that requirement means that the plaintiffs must show that they could have offered a meritorious defense to the motions.

With respect to the deficiency in service of process, the plaintiffs' counsel contends that after the motion was made, new service of process was made, curing the deficiency. (Defendants contest this.) With respect to the fact that there is a prior state court action pending in Sullivan County, the plaintiffs' counsel merely argues that such a motion should not be considered until an answer has been filed, when it can be raised as an affirmative defense. This argument rests upon the fact that Rule 12(b) sets forth certain motions that may be made asserting defenses prior to answer and that a motion based on a prior action pending is not one of them.

Strictly speaking, the fact that a prior action is pending is not a "defense" and, consequently, is not involved in Rule 12(b). There are no federal rules pertaining to this situation and the case law has developed under the inherent powers and discretion of the court. *See Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 662–63, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978); *New York Milk Shed Transportation, Inc.,*

144 F.Supp. 174 (N.D.N.Y.1956). As Professor Moore notes, "[t]he suggestion that Rule 12 has abolished all motions not enumerated in the Rule has been termed 'ingenious but unconvincing.'" 2A *Moore's Federal Practice* ¶ 12.07[3] (2d ed. 1980). The footnote at that point specifically observes that the rule does not prevent the filing of a motion to dismiss an action on grounds of prior pending action between the same parties. It is a motion independent of Rule 12(b). Indeed, even truly defensive matters, such as *res judicata* and collateral estoppel, have been allowed to be asserted by pre-answer motions. *See Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976); *Pyles v. Keane*, 418 F.Supp. 269, 273 (S.D.N.Y.1976).

The plaintiffs' initial papers made no attempt to justify burdening the Court and the defendants with a second, identical action. In a reply affirmation, reference is made to the fact that two of the defendants have asserted lack of personal jurisdiction in the state court action. The identical defense has been asserted here. It is astounding to think that the remedy for inadequate service is to commence another action in a different court. (There are no advantages from the standpoint of making service of process, since the federal standards are, if anything, somewhat stricter— *e. g.*, permission must be granted to have anyone other than a marshal make service.)

■ Much has been said about the problems resulting from burdening the federal courts with diversity actions where the reason for diversity jurisdiction (favoritism toward an instate resident) does not exist. (It is implied that the plaintiffs were, at some time, New York residents.) Little would be served by rehashing all of those considerations. It is clear, however, that in the interests of judicial economy, comity, and federalism, a diversity action may be stayed pending decision in an identical prior state court action. These considerations are set forth at length in Judge Cannella's scholarly decision in *Universal Gypsum of Georgia v. American Cyanamid Co.*, 390 F.Supp. 824 (S.D.N.Y.1975). That decision so thoroughly covers the point that, except for quoting the conclusion, no further discussion is warranted.

Thus, when a federal diversity action raising only state law issues has been commenced by an in-state plaintiff at a time when a previously or simultaneously commenced action is pending in the courts of his own state involving the same parties and issues, the district court, absent some persuasive reason for contrary action, should stay the proceedings before it until the state court has had the opportunity to pass upon the claim. Principles of comity, federalism and, perhaps most importantly, sound, adequate and economical allocation of judicial resources and effort could not tolerate a result different from that which we now reach. In sum, "[w]e believe that recognition of a public policy against unnecessarily burdening two courts with concurrent and duplicative litigation does not threaten the integrity of the federal-state judicial relationship; to the contrary, the exercise of such judicial restraint advances the objective of comity between federal and state courts."

*Id.* at 830 (quoting *Nigro v. Blumberg*, 373 F.Supp. 1206, 1212 (E.D.Pa.1974).

■ Consequently, the plaintiffs' counsel having failed to show a meritorious defense to the motions, the application to be relieved of the default on the motions and to set aside the order of January 27, 1981 is denied.

SO ORDERED.