**CBS, INC., Plaintiff,**

v.

**TEE VEE RECORDS, INC., Defendant.**

**No. 82 Civ. 3661 (DNE).**

United States District Court,
S.D. New York.

Nov. 24, 1982.

Ronald E. Guttman, William Paul Nolan, New York City, for plaintiff.

Jessel Rothman, P.C., Jessel Rothman and Julian Kaplan, Mineola, of counsel, for defendant.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

This is a diversity action for breach of contract commenced on June 3, 1982 by the

filing of a summons and complaint. Plaintiff CBS, Inc. ("CBS") is a New York corporation with its principal place of business in New York City. CBS, through its Columbia Special Products division, manufactures and sells phonograph records and tape recordings (referred to collectively as "recordings"). Defendant Tee Vee Records, Inc. ("TVR") is a Tennessee corporation engaged in the distribution and sale of recordings. The location of TVR's principal place of business is a sharply contested issue. TVR contends that its activities in New York defeat diversity jurisdiction under 28 U.S.C. § 1332.

CBS alleges that TVR entered into three written agreements to purchase from CBS (1) a minimum of 100,000 recordings entitled "A Time For Us" at $2.89 per recording; (2) a minimum of 50,000 recordings entitled "Disco Heat" at $2.78 per recording; and (3) a minimum of 50,000 recordings entitled "Moe Bandy/Salutes The American Cowboy" at $2.15 per recording. CBS further alleges that TVR breached the three agreements as TVR only purchased 5,500 recordings under the first agreement, 15,000 recordings under the second agreement and 7,000 recordings under the third agreement. CBS claims damages of $463,050 caused by TVR's breach of contract.

On July 16, 1982 TVR filed its Answer. The Answer contains two affirmative defenses and ten counterclaims. On August 9, 1982, CBS moved to strike TVR's affirmative defenses and counterclaims pursuant to Fed.R.Civ.P. 11 and 12(b)(6). On September 9, 1982, TVR moved to dismiss the instant action pursuant to Fed.R.Civ.P. 12(b)(1) and Rule 3(c)(2) of the Civil Rules for the Southern District of New York on the ground that the court lacks diversity or federal question jurisdiction.

TVR's second affirmative defense and first counterclaim alleges that the action should be dismissed because the identical claims raised by CBS in this action are the subject of a prior pending action commenced by TVR against CBS and Chemical Bank on November 19, 1981 in New York State Supreme Court (the "state court action"). TVR has conceded that its counterclaims two through ten herein are identical to the complaint filed by TVR in the state court action.

In the state court action TVR is seeking injunctive, declaratory and monetary relief arising out of CBS's actions with respect to two letters of credit representing funds owed CBS by TVR for the purchase of recordings. TVR agreed to furnish CBS with letters of credit to guarantee payment for its purchases of certain recordings from CBS. CBS subsequently drew down on one of the letters of credit and indicated that it intended to draw down on the other.[1] TVR asserts both in the state court action and as counterclaims herein that CBS's actions violated the purchase agreements between the parties. CBS moved to dismiss the complaint in that action on the ground that TVR was a foreign corporation "doing business" in New York and had failed to comply with the requirements of N.Y.Bus. Corp.Law § 1312 (McKinney 1981). The court stayed the action and referred the question of TVR's capacity to maintain its lawsuit to a Referee for a hearing. On February 4, 1982, TVR, attempting to obviate the need for said hearing, filed a Certificate of Authority with the Secretary of State. The state court, however, ordered that the hearing go forward to determine whether TVR owes any franchise taxes or penalties to the State of New York.

Both parties argue that in certain respects, namely as to the other party's claims, the state court action precludes this court from inquiring into claims presently before the state court. Thus, CBS argues in its motion to strike that this court should dismiss or stay TVR's second through tenth counterclaims on grounds of judicial economy, federalism and comity. CBS's Memo-

1. CBS subsequently drew down on the second letter of credit and the parties entered into a stipulation on December 7, 1981 that the funds from that letter of credit would be placed into an escrow account pending the determination of TVR's motion for a preliminary injunction in the state court action.

randum In Support of Motion to Strike at 12. Similarly, TVR insists in its second affirmative defense and in response to CBS's motion to strike that the instant action involves issues which are the subject of the sixth cause of action in the state court action and requests this court to dismiss the complaint herein. TVR's Memorandum in Opposition to Motion to Strike at 5–6; Sur-Reply Affidavit of Jessel Rothman, Sworn to September 17, 1982 at 6–9.

Both parties cite *Daugherty v. Popick,* 89 F.R.D. 642 (S.D.N.Y.1981) and *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F.Supp. 824 (S.D.N.Y.1975) as support for their proposition that the other party's claims should be dismissed on grounds of judicial economy and comity. The court in *Daugherty v. Popick* dismissed the complaint on the grounds that an earlier action was pending in New York State court between the same parties and sought the same relief as the federal action. The court observed, "[s]trictly speaking, the fact that a prior action is pending is not a 'defense' and ... the case law has developed under the inherent powers and discretion of the court." *Id.* at 643 (citations omitted). The *Daugherty* court went on to state: "It is clear, however, that in the interests of judicial economy, comity, and federalism, a diversity action may be stayed pending decision in an identical prior state court action." *Id.* at 644.

Similarly, in *Universal Gypsum* the court stayed a federal diversity action pending the determination of a simultaneously commenced state action, stating that its power to do so "has been settled beyond peradventure." *Id.* at 825. The court invoked "one of the abstention doctrines" in deferring to the state court in "a run-of-the-mill diversity action, where a state court action raising the same issues is simultaneously pending." *Id. See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Levy v. Lewis,* 635 F.2d 960, 965–66 (2d Cir.1980),

The *Universal Gypsum* court adopted the following criteria, enumerated in *Nigro v.*

*Blumberg,* 373 F.Supp. 1206, 1212–13 (E.D. Pa.1974), pertaining to applications to defer consideration of federal actions in favor of a pending state court action: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay. *Universal Gypsum, supra,* at 827. This court finds that these factors provide a useful standard in evaluating such applications.

Applying these factors to the present case, the court finds that the action should be dismissed. The instant case and the state court action both concern the same parties and the same issues. The sixth cause of action in the state court action alleges that the three agreements, which are the subject of the instant action, were the basis for sums owed CBS under one of the letters of credit in the state court action. Issues of the validity of and amount of money owed CBS under these three agreements will necessarily be resolved in the state action. Principles of comity, federalism, judicial economy and efficiency require that this action be stayed. *See Levy v. Lewis, supra.*

Application of the remaining *Universal Gypsum* factors further support the dismissal of the federal action. Both the present action and the state court action turn exclusively upon issues of New York contract law. Such issues are better left to New York courts for an authoritative interpretation. *See Moore v. Sims,* 442 U.S. 415, 429–30, 99 S.Ct. 2371, 2380–81, 60 L.Ed.2d 994 (1979); *Universal Gypsum, supra,* at 827–28. Similarly, judicial efficiency will be promoted as the state action has progressed further than the present action and, as noted, will necessarily address the issues raised by the complaint herein. *See Burton v. Exxon Corp.,* 536 F.Supp. 617, 623 (S.D. N.Y.1982). Additionally, CBS will be afforded a full and fair opportunity to litigate

its issues in New York and will not be prejudiced by having this action stayed. *See Moore v. Sims, supra,* at 424–30, 99 S.Ct., at 2377–80. Finally, as numerous courts and commentators have indicated, the invocation of diversity jurisdiction by an in-state plaintiff, although statutorily based, is not supported by the policies underlying diversity jurisdiction. *See Universal Gypsum, supra,* at 828; *Daugherty v. Popick, supra,* at 644.

In sum, each of the factors identified in *Nigro v. Blumberg* and *Universal Gypsum* support the dismissal of the instant action in favor of the state court action. Accordingly, the defendant's motion to dismiss is hereby granted without prejudice. It is hereby further ordered that TVR's motion for relief under 28 U.S.C. § 1927 is without merit and is denied in all respects.

SO ORDERED.

