ABCKO MUSIC, INC., Plaintiff,

v.

BEVERLY GLEN MUSIC, INC., Beverly Glen Music, and Otis Smith, Defendants,

and

Allen Klein, Additional Defendant on Counterclaim.

BEVERLY GLEN MUSIC, INC., and Otis Smith, Third-Party Plaintiffs,

v.

Bobby WOMACK, Third-Party Defendant.

No. 82 Civ. 3517 (DNE).

United States District Court, S.D. New York.

Jan. 18, 1983.

Abeles, Clark & Osterberg, New York City, for third-party plaintiffs.

Liebman & Schreier, New York City, for third-party defendant.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

Third-party defendant Bobby Womack ("Womack") has moved to dismiss the third-party complaint on the ground that the court lacks subject matter jurisdiction or venue over Womack, and Womack has moved to dismiss or stay the third-party action in favor of a pending action in the Superior Court of California, County of Los Angeles.

The main action in this case is a claim for copyright infringement brought by ABCKO Music, Inc. ("ABCKO") against Beverly Glen Music, Inc. and Beverly Glen Music (referred to herein collectively as "Beverly Glen") and Otis Smith, a principal of Beverly Glen. ABCKO is a New York music publisher and is a co-owner of six copyrighted songs written by Womack, a songwriter and recording artist, which are the subject of this action.[1] Allen Klein ("Klein"), a New York resident, is the president of ABCKO and Womack's personal manager and co-owner with Womack of the copyrights in several songs co-authored by Womack. Beverly Glen, Inc. is a California corporation, Beverly Glen Music is a California partnership or sole proprietorship, and Otis Smith is a resident of California.

On April 14, 1982 ABCKO and Beverly Glen entered into a licensing agreement authorizing Beverly Glen to make and distribute records and tapes of the six Womack songs (the "licensing agreement"). Under the licensing agreement, ABCKO had the right to audit Beverly Glen's books and records. ABCKO maintains that pursuant to ¶ 4(iv) of the licensing agreement its right to audit the records was enforceable by a provision requiring the automatic termination of the agreement if access to the records was denied. ABCKO contends that any subsequent manufacturing or distribution of records by Beverly Glen would constitute a copyright infringement.

In its Complaint, filed May 28, 1982, ABCKO claims that Beverly Glen repeatedly failed to allow ABCKO to conduct a meaningful audit, that the license agreement terminated, and that Beverly Glen is liable for subsequently infringing ABCKO's copyrights, for breach of fiduciary duty and for royalties owing to ABCKO.

On June 11, 1982 ABCKO moved for a preliminary injunction, an order of attachment and expedited discovery. On July 2, 1982 Beverly Glen filed a cross-motion to dismiss the action for lack of personal and subject matter jurisdiction, improper venue, failure to join an indispensable party, and, as to two claims, failure to state a claim upon which relief could be granted, and to transfer any remaining claims to the Central District of California. After a hearing on July 15, 1982, the court issued an order, dated July 20, 1982 denying ABCKO's motion for a preliminary injunction conditioned on defendants posting a bond in the amount of $200,000 to secure any judgment that might be obtained by ABCKO; denying ABCKO's motion for an order of attachment; granting ABCKO's motion for expe-

---

1. There is a disputed claim as to a one-third interest in the copyright to one of the songs.

dited discovery; denying defendants' motion to dismiss without prejudice; and, denying defendants' motion to transfer.

On July 28, 1982 Beverly Glen filed an Answer containing counterclaims against ABCKO and Klein. Beverly Glen asserts as a defense that all of ABCKO's rights pursuant to the licensing agreement between ABCKO and Beverly Glen are subject to a recording agreement entered into on or about May 14, 1981 between Womack and Beverly Glen authorizing Beverly Glen to manufacture and sell records of Womack's songs (the "recording agreement"). Beverly Glen raises as a further defense that ABCKO used threats of copyright infringement to coerce Beverly Glen to enter into the license agreement with it, and that this was in violation of the recording agreement between Beverly Glen and Womack. In addition, Beverly Glen counterclaims that the purported acquisition by ABCKO of copyright interests in Womack's songs "was designed to enable KLEIN and plaintiff to use such copyright interests for the unlawful purpose of impairing, impeding and destroying the rights of BGMI under the Recording Agreement [with Womack]."

On August 3, 1982, Beverly Glen filed a third-party complaint against Womack alleging that Womack breached the recording agreement with Beverly Glen. Beverly Glen purports to have acquired through the recording agreement the exclusive rights to the recording services of Womack. Affidavit of Robert C. Osterberg in Opposition to Motion to Dismiss Third-Part Complaint, Sworn to on December 14, 1982, at ¶ 2. Beverly Glen also alleges Womack agreed to indemnify Beverly Glen for any breach of the recording agreement. Beverly Glen thus asserts that Womack must indemnify it for any unauthorized distribution of Womack songs.

On December 1, 1982, Womack filed his motion to dismiss the third-party complaint claiming that the court is without subject matter jurisdiction as both Beverly Glen and Womack are California residents and that therefore there is no diversity of citizenship. Womack further contends that

venue in this district is improper as the events giving rise to this action occurred in California. Womack also moved to dismiss or stay the third-party complaint in favor of a pending California action between himself and Beverly Glen.

■ The court finds that Womack's contentions regarding jurisdiction and venue are without merit. Where valid subject matter jurisdiction exists between the plaintiff and defendant, a third-party claim between the defendant and a third-party defendant is cognizable by the court under its ancillary jurisdiction if the third-party claim arises from the same core of facts, even absent an independent basis for federal subject matter jurisdiction. *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 585 (2d Cir.1965); *Dery v. Wyer,* 265 F.2d 804, 806–07 (2d Cir.1959); 3 *Moore's Federal Practice* ¶ 14.26 (1982 rel.); *Lyons v. Marrud, Inc.,* 46 F.R.D. 451, 455 (S.D.N.Y. 1968). The purpose of this rule is to avoid unnecessary expense, duplication and multiplicity of litigation. *Dery v. Wyer, supra; Lyons v. Marrud, supra; Thompson v. United Artists Theater Circuit, Inc.,* 43 F.R.D. 197, 201 (S.D.N.Y.1967).

■ In the instant case the claims forming the basis of the third-party action arise from the same core of facts as the main action. Beverly Glen's contract claims against Womack necessarily involve the legality of Beverly Glen's distribution of Womack recordings, and the recording agreement which is the subject of the third-party complaint, has been pleaded by Beverly Glen as a defense in the main action. Thus, many of the same issues will be addressed in both the main and the third-party actions. Accordingly, ancillary jurisdiction is appropriate with respect to the third-party claims.

■ Similarly, the court finds that venue is appropriate. If venue is proper in the main action, then venue is also proper as to a third-party claim which is predicated under the court's ancillary jurisdiction. *Agrashell, Inc. v. Bernard Sirotta Co., supra; Garner v. Enright,* 71 F.R.D. 656, 661

(E.D.N.Y.1976); *Thompson v. United Artists Theater Circuit, Inc., supra.* As the court stated in *Odette v. Shearson, Hammill & Co.,* "the reasoning which supports ancillary subject matter jurisdiction over a third-party claim also supports ancillary venue." 394 F.Supp. 946, 951–52 (S.D.N.Y. 1975). In addition, ancillary venue is especially appropriate where, as here, there has been no showing of " 'great inconvenience' " to the third-party defendant. *Thompson v. United Artists Theater Circuit, Inc., supra,* quoting, *United States v. Acord,* 209 F.2d 709, 714 (10th Cir.), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954).

Womack has also moved to dismiss or stay the third-party action in favor of a prior pending action commenced on February 8, 1982 by Beverly Glen in the Los Angeles Superior Court against Womack (the "California action"). The California action is essentially an action for conversion. Beverly Glen asserts that Womack removed master recordings of Womack songs from Beverly Glen's studio and that these are Beverly Glen's property. The court notes that counsel for Beverly Glen has stated that the California action "is virtually just beginning," and that "there has been no discovery." Osterberg Affidavit at ¶¶ 8, 12. In addition, the court notes that ABCKO and Klein are not parties to the California action, and the claims among ABCKO, Klein and Beverly Glen are not being litigated there.

 In the interests of judicial economy, comity and federalism, the court may in its discretion stay or dismiss actions in favor of pending state court actions involving the same parties and issues. *CBS, Inc. v. Tee Vee Records, Inc.,* 96 F.R.D. 163, 165–66 (S.D.N.Y.1982); *Daugherty v. Popick,* 89 F.R.D. 642, 643 (S.D.N.Y.1981). In *CBS, Inc. v. Tee Vee Records, Inc., supra,* this court dismissed an action in favor of a state court action after evaluating the following criteria: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and, (7) possibility of prejudice to a party as a result of a stay. Applying these factors in this case the court finds that a dismissal or stay of the third-party claims is unwarranted. There appears to be little similarity between the instant action and the California action. It also appears that the California action has not progressed any further than the instant action, and that judicial economy would be better served by this court's retention of the third-party action.

The third-party defendant's motions to dismiss or stay are hereby denied in all respects.

SO ORDERED.