**RICHARD FEINER AND COMPANY, INC., Plaintiff,**

v.

**POLYGRAM CORPORATION and King Features Entertainment, Inc., Defendants.**

No. 84 Civ. 9271 (LFM).

United States District Court, S.D. New York.

June 7, 1985.

Cooper Cohen Singer & Ecker by Thomas E. Hommel, New York City, for defendants.

Daniel J. Brooks, New York City, for plaintiff.

### OPINION

MacMAHON, District Judge.

Defendants, PolyGram Corporation ("PolyGram") and King Features Entertainment, Inc. ("King"), move for an order staying this action because of the pendency of a related action in the Supreme Court of the State of New York, County of New York.

## FACTS

Defendants are corporations engaged in the business of licensing and distributing television productions. Plaintiff Richard Feiner And Company, Inc. ("Feiner") is the copyright owner of a series of 120 Laurel and Hardy comedy short film subjects, collectively referred to as "Laughtoons." By agreement dated August 27, 1982 ("Distribution Agreement"), Feiner granted Poly-Gram the exclusive right to distribute Laughtoons to television stations in the United States from the date of the agreement to September 1, 1987. The Distribution Agreement contained a provision entitling Feiner to automatically terminate the agreement if PolyGram failed to achieve gross sales of $200,000 by December 31, 1983 or $400,000 by December 31, 1984.

Feiner contends that beginning in March 1983, PolyGram abandoned its contractual obligations under the Distribution Agreement and was seeking to divest itself of its television distribution business in the United States. After failing to receive assurances that PolyGram would perform under the agreement, Feiner notified PolyGram in September 1983 that it was terminating the agreement. PolyGram asserts that Feiner did not have any right to terminate because by September 1983 PolyGram had exceeded the amount of minimum sales required by the agreement. Thus, despite Feiner's notices of termination, PolyGram agreed to assign all of its rights under the Distribution Agreement to King on October 5, 1983.

On February 15, 1984, PolyGram commenced an action against Feiner in the Supreme Court of the State of New York, County of New York, seeking a declaration of rights and duties of the parties under the Distribution Agreement and a preliminary injunction preventing Feiner from interfering with PolyGram's distribution rights and publicly stating that the agreement had been terminated. On April 2, 1984, Hon. Robert E. White denied Poly-Gram injunctive relief finding that there remained questions of fact as to whether Feiner was entitled to terminate the agreement.

On December 26, 1984, Feiner commenced the instant suit against PolyGram and King, which, in essence, seeks a declaration that PolyGram's distribution rights were terminated in September 1983, and that any subsequent exploitation of these rights by PolyGram or King would infringe Feiner's copyright. The basis for federal jurisdiction in this action is 28 U.S.C. § 1338(a) which confers on federal district courts original and exclusive jurisdiction over actions involving copyright, patent and trademark claims. In seeking to stay the instant action, defendants contend that the legal issue here is essentially a question of state contract law and is currently pending in state court.

## DISCUSSION

In *Colorado River Water Construction District v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976), the Supreme Court held that in certain limited cases, presenting extraordinary circumstances, an exception existed to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." In such cases, a federal suit may be stayed or dismissed due to the presence of a concurrent state court proceeding. *Id.* The Court recently emphasized that such a stay presumes that the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983). The Court further noted that it would be "a serious abuse of discretion" to grant the stay if there were "any substantial doubt" as to the adequacy of the state proceeding. *Id.*

Defendants argue that the issues relevant to the instant action are essentially issues of state contract law and that it is only after their resolution that the question of Feiner's copyright arises. Feiner's claim of copyright infringement, however, is exclusively within this court's jurisdiction. State courts are preempted from re-

solving issues with respect to rights which are equivalent to rights arising under copyright laws. See 17 U.S.C. § 301. Therefore, if Feiner prevails in state court on the state contract issue, it will have to return to federal court to obtain relief on its copyright claims—the very situation described as an "abuse of discretion" in *Moses H. Cone, supra.* We therefore conclude that a stay of the instant action would be improper because the state court lacks jurisdiction to adjudicate Feiner's federal claim. *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 560, 103 S.Ct. 3201, 3210, 77 L.Ed.2d 837 (1983); *Silberkleit v. Kantrowitz,* 713 F.2d 433 (9th Cir.1983).

Even if we were to assume the existence of the discretionary power to stay the instant action, there is no showing of requisite "exceptional circumstances" which would justify the stay. *Colorado River, supra,* enunciated four instances in which a stay was appropriate: (1) the state court first acquires jurisdiction over the *res* which is the subject of the federal suit; (2) the federal forum is inconvenient; (3) it is desirable to avoid piecemeal litigation; or (4) the state court first obtained jurisdiction.

The first two instances are not relevant here. There was no assumption by either court of jurisdiction over any *res* or property; nor is there any contention that the federal forum was any less convenient to the parties than the state forum. The avoidance of piecemeal litigation actually counsels against the stay, for Feiner's copyright claims can only be resolved in federal court. Finally, although the state court was the first to acquire jurisdiction, an overly mechanistic application of this factor is not appropriate especially as there has been almost no progress in the state proceeding. *See Moses H. Cone, supra,* 460 U.S. at 21–22, 103 S.Ct. at 939–40.

In *Moses H. Cone, supra,* the Court stressed the importance of two additional factors: (1) the presence of federal law issues; and (2) the probable inadequacy of the state-court proceeding to protect federal rights. The confluence of these two factors in the instant action overcomes the fact that the state court action was commenced before the federal action.

We conclude that there is no sufficient basis for the entry of a stay. The state court is an inadequate forum in which to litigate Feiner's copyright claims, and, moreover, it lacks a potentially necessary party (King) and has been dormant since the denial of the preliminary injunction on April 2, 1984. *See, e.g., ABCKO Music, Inc. v. Beverly Glen Music, Inc.,* 554 F.Supp. 410, 413 (S.D.N.Y.1983).

Accordingly, defendants' motion for an order staying this action is denied in all respects.

So ordered.